RECEIVED

MAR 0 4 2026

KELLY L. STEPHENS, Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**JOHN KLOSTERMAN, et al.**
**Plaintiff-Appellant,**

**v.**                                               **Case No. 26-3149**

**KONZA, LLC, et al.,**
    **Defendants-Appellees.**

---

### PLAINTIFF-APPELLANT'S SUPPLEMENTAL NOTICE TO THE COURT REGARDING PATTERN OF DUE PROCESS VIOLATIONS, MAGISTRATE'S FAILURE TO ACT ON DOCUMENTED FRAUD, AND DENIAL OF PRO SE LITIGANT'S RIGHT TO BE HEARD

---

**PRELIMINARY STATEMENT — WHO IS SPEAKING TO THIS COURT**

Before setting out the legal arguments, Plaintiff-Appellant submits that this Court is entitled to know who it is hearing from — not as a request for sympathy, but as a statement of credibility and standing.

John Klosterman has lived long enough to recognize what he is looking at. He lived through Watergate. He absorbed the lesson that investigation produced: follow the money. He has been following the money in this case for four years. It leads to the same place every time.

He built a computer accounting business in the early PC era — before spreadsheets were common tools — writing his own medical accounts receivable software from scratch and

building a successful operation serving Cincinnati-area medical and dental offices for more than twenty years. He has operated a small grocery store and a pizza carry-out. He has held provisional patents. He understands accounting, he understands inventory, he understands how money moves — and he understands when money that should be accounted for is not.

For 35 years — 11,900 days — he rehabilitated historic properties in Cincinnati's Sedamsville neighborhood, one at a time, by hand, to a standard he set himself: "If I wouldn't live here, then you can't." He served as Charter President of the Sedamsville Historical Society and Charter President of the St. Anne's Hill Historical Society in Dayton,Ohio where he is a graduate of Wright State University. All the properties he rehabilitated t are on the National Register of Historic Places. He built a neighborhood that was neglected by the city for 50 years. It just got the Federally mandated wheel chair curb ramps after the take over.

Then a court-appointed receiver — a Harvard-educated attorney and partner at one of the largest law firms in the world — hired a convicted felon to manage the portfolio, allowed that felon to steal hundreds of thousands of dollars over three years, filed thirty-four falsified reports with the court, withheld bank records for three years, deflated property values through fraudulent Board of Revision filings, and then sold the entire portfolio — by his own sworn admission — not based on value, but on expenses. John Klosterman received nothing.

While this was happening, he was arrested on charges he maintains were fabricated in retaliation for his FBI cooperation. His wife of forty years died while he was in jail. He was not there.

He then fought back. Alone. Pro se. From his dining room table. Without a law degree. For four years. During that time, the Building Department of the City of Cincinnati — one of the named defendants — has continued to harass him with retaliatory inspections and manufactured code violations, including documented conduct by City inspector Finn and supervisor Kevin Rhoads constituting a continuing pattern of Hobbs Act extortion under 18 U.S.C. § 1951. Every allegation he brought to court was called frivolous. Six federal criminal convictions later, the co-conspirators he named are 2 and 3 time federal felons.

He is not a vexatious litigant. He is a witness. And the defendants spent four years trying to prove that the difference did not matter.

---

**THE LESSON OF WATERGATE APPLIED:**

John Klosterman does not cite Watergate as nostalgia. He cites it as methodology. When the money in this case is followed, it leads from the Klosterman Portfolio — appraised at $3.5 to $4.5 million — to an $800,000 sale price, to $499,717.76 in receiver fees, to a $147,000 real estate commission, to 49 documented communications between the receiver and the land bank's attorney before the sale closed, to a pre-negotiated purchase agreement that existed before any public auction, to a Vexatious Litigator designation obtained three months after the sale by the entity that benefited from it. That

trail is not circumstantial. It is documented in billing records, court filings, and sworn testimony — all already in the record of this appeal.

# I. TERMINOLOGY — THE RECORD MUST BE PRECISE

**THE "EXPENSES (ENGINEERED) SALE" — EACH WORD SOURCED:**

Joseph Lentine, bench trial testimony (sworn, under oath): described the transaction as an "engineered sale." No defendant has disputed this. Richard Boydston, bench trial testimony (sworn, under oath): testified that the sale price was based on "expenses" — not on the value of the properties. No defendant has disputed this. Richard Boydston, February 25, 2026 court filing: used THREE words — "deliver," "obtain," and "fix" — in connection with the HCLRC sale and the Vexatious Litigator designation. He did NOT use the word "engineered" in that filing.Plaintiff-Appellant's formulation — "expenses (engineered) sale" — accurately combines both sworn admissions. No defendant has disputed this characterization despite multiple opportunities to do so. Under Ohio Evid. R. 801(D)(2) and the adoptive admission doctrine, a party's failure to deny an attributed characterization when denial would be natural constitutes an admission.

# II. FIRST DENIAL — EXPULSION FROM A PUBLIC COURTROOM

**What Happened**

The Hamilton County bench trial in Case No. A1905588 was assigned to Magistrate Chris Lui by Chief Magistrate Anita Berding — who had supervised the receivership and denied twelve or more bank record requests over three years, and who did not preside at the proceeding most likely to produce sworn admissions of the fraud she had been accommodating.

John Klosterman attended the bench trial as a member of the public — a citizen in a public courtroom, in a case where he is a named defendant. He was not subpoenaed. Before proceedings began, he informed Magistrate Lui that he had not been subpoenaed and that he would decline to testify if called. Magistrate Lui refused to allow him to remain and directed him to leave the courtroom.

He was expelled from the public gallery at a bench trial that — without him present — proceeded to produce sworn admissions that confirmed everything he had been saying for four years.

**LEGAL BASIS — PUBLIC EXPULSION:**

The First Amendment and the common law tradition of open courts guarantee public access to judicial proceedings. Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986). Ohio Constitution, Art. I, § 16: "All courts shall be open." A court may close a proceeding to the public only upon a case-specific finding of a compelling interest, with consideration of reasonable alternatives, and with findings entered on the record. No

such finding was made. No such order was entered. John Klosterman — the man whose entire property portfolio was the subject of the proceeding — was told to leave the gallery without legal basis. The expulsion of the named property-owner defendant from the public observation of a proceeding adjudicating his estate is not a procedural technicality. It is the act of a magistrate who needed the record clean.

## III. SECOND DENIAL — VIOLATION OF MAGISTRATE'S OWN ORDER

### Lui's Scheduling Order Invited Klosterman to Speak

On February 4, 2026, Magistrate Chris Lui issued the Scheduling Order for the February 26, 2026 oral argument hearing (attached as Exhibit A). His order states, in his own words:

---

**EXHIBIT A — MAGISTRATE LUI'S OWN ORDER:**

**"All parties wishing to present oral arguments must attend this in-person hearing. Please contact the undersigned Magistrate (cliu@cms.hamilton-co.org) if any Party requires additional accommodations."** — Chris Liu, Magistrate, Hamilton County Court of Common Pleas   Filed February 4, 2026, Case No. A1905588

---

### Klosterman Complied Exactly

Klosterman read Magistrate Lui's order. He emailed Magistrate Lui at cliu@cms.hamilton-co.org as directed. He appeared in person at Courtroom 424, Hamilton

County Courthouse, at 2:00 PM on February 26, 2026. He prepared a written oral argument. When Magistrate Lui asked whether any other party wished to be heard, Klosterman stood up.

Lui told him he could not speak and could not enter his arguments into the record. Klosterman stated his objection on the record and sat down.

"We Will Hear From the Two Counsels"

At the February 26, 2026 hearing, Magistrate Lui stated words to the effect of: "We will hear from the two counsels" — and proceeded to conduct the argument as a proceeding between represented parties only, to the exclusion of the pro se defendant whose property and whose federal appeal were directly at issue.

THIS STATEMENT REQUIRES A TRANSCRIPT — AND A RESPONSE:

If Magistrate Lui limited participation to "counsels" — and excluded a pro se party standing in the courtroom who had emailed per his own order, appeared per his own order, and stood when invited — he violated the foundational principle that pro se litigants are entitled to the same procedural rights as represented parties. Haines v. Kerner, 404 U.S. 519 (1972). A magistrate who restricts oral argument to "counsels" while a pro se party stands ready to be heard has, on its face, created a two-tier system of access that federal courts do not permit. Plaintiff-Appellant respectfully requests that

> this Court order the transcript of the February 26, 2026 hearing in Case No. A1905588 as part of the record on this appeal. The transcript will confirm the exact words used. Those words are part of the record that this Court must evaluate.

## What Klosterman Prepared to Present

The arguments Klosterman was prepared to make — and was prevented from making — addressed matters directly before the court:

(1) The pending federal appeal, Case No. 26-3149, and its bearing on any closure order — specifically that distributing the $85,950.62 Provident Title escrow while the appeal is pending would permanently moot this Court's jurisdiction;

(2) HCLRC's December 8, 2025 admissions of "entangled" and "misadventure" — evidence in HCLRC's own filing that it was not a clean buyer;

(3) The need for a verified final accounting reconciled against actual bank records before the receivership can lawfully close — records Boydston has withheld for three years;

(4) The $85,950.62 escrow freeze — the subject of a pending emergency motion.

## The "Fix" Was in the Record — and Klosterman Could Not Speak to It

On February 25, 2026 — one day before the hearing — Richard Boydston filed his Corrected Receiver's Memorandum. In that filing, Boydston used the word "fix" to describe the Vexatious Litigator designation: a "fix" that was "not available to the Receiver." Klosterman

did not discover this filing until he checked the clerk's electronic docket after the February 26 hearing had concluded.

The most consequential admission in the entire case — a named defendant's written characterization of a court order as a predetermined, weaponized outcome — was in the court record the day before the hearing. Klosterman was in the courtroom. He stood to speak. He was told to sit down. The record closed on that proceeding with Boydston's "fix" admission unremarked and unaddressed.

> **THE COMBINED EFFECT:**
>
> Lui's own order invited parties to speak. Klosterman complied. He was denied. The most important new evidence in the case was in the file the day before. He could not present it. Lui limited the arguments to "counsels." The result: the court that is being asked to permanently close a receivership built on an admitted expenses (engineered) sale heard only from the parties who committed the fraud. The man who built the neighborhood, reported the crime, and was right about all of it was told: not you.

## IV. MAGISTRATE LUI'S MANDATORY REFERRAL OBLIGATION — RULE 2.15(B)

Ohio Code of Judicial Conduct Rule 2.15(B) states: "A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of

Professional Conduct shall take appropriate action." The word is "shall." It is not discretionary.

The information before Magistrate Lui at the February 26, 2026 hearing — all already in the court record — included:

(1) Thirty-four monthly management reports filed with this court that bench trial testimony established were "edited" before filing. Ohio R. Prof. Conduct 3.3 (Candor to the Tribunal); 8.4(c) (dishonesty, fraud, deceit).

(2) Three years of withheld bank records despite court requests and orders. Ohio R. Prof. Conduct 3.4; 8.4(d) (conduct prejudicial to administration of justice).

(3) Boydston's sworn bench trial admission that the sale was based on expenses — not value. Breach of fiduciary duty in a court-supervised proceeding. R. Prof. Conduct 8.4(c).

(4) The September 8, 2023 absolution motion — Boydston drafted a proposed order seeking blanket immunity for all receivership participants. Judge Cross refused to sign it.

(5) Boydston's February 25, 2026 "fix" admission — a court officer characterizing this court's own order as a predetermined outcome designed as a weapon. R. Prof. Conduct 8.4.

THE REFERRAL IS NOT A CLOSE QUESTION:

Magistrate Lui presided at two proceedings — the bench trial and the February 26, 2026 hearing — in which this record was before him. He has not, to Appellant's knowledge,

referred Boydston to the Ohio Office of Discipliuary Counsel or to the Ohio Supreme Court Board of Professional Conduct. On a record containing 34 falsified court submissions, three years of withheld records, a sworn admission of an expenses (engineered) sale, a self-written absolution motion, and a written "fix" admission by a court officer, the threshold of "substantial likelihood" under Rule 2.15(B) is not a close question. It has been met many times over. This Court is respectfully requested to ask Magistrate Lui to certify on the record whether a referral has been made — and if not, to state his basis for that determination.

## V. THE PATTERN — THREE OFFICERS, FOUR YEARS, ONE RESULT

| | |
|---|---|
| Magistrate Berding | 12+ bank record denials. Refused to sign Boydston's first billing invoice — had Magistrate Beridon sign it "for" her. Assigned Lui to the bench trial (where Boydston admitted the expenses basis of the sale) and to the February 26 closure hearing (where HCLRC admitted "entangled" and "misadventure"). Did not preside at either proceeding. Insulated herself at every critical moment. |
| Judge Cross | No action on Klosterman's motion has been pending since October 8, 2023. Did not sign Boydston's absolution motion — evidence she recognized something was wrong. |

| | |
|---|---|
| | Took no investigative or remedial action. Receivership ran to completion through inaction. |
| **Magistrate Lui (assigned by Berding)** | Expelled Klosterman from the public gallery at the bench trial. Issued a scheduling order inviting parties to present oral arguments at the February 26 hearing. Stated words to the effect of "we will hear from the two counsels" and denied Klosterman when he stood to speak, per Lui's own written invitation. Has not, to Appellant's knowledge, referred Boydston under Rule 2.15(B). |

---

**FOUR YEARS. THREE OFFICERS. ONE RESULT:**

The party who was right about everything — whose allegations were validated by two federal criminal convictions and by the defendants' own sworn admissions — was expelled from a public courtroom, told "we will hear from the two counsels" when he stood to speak at a hearing he was written-invited to attend, had his filings administratively rejected for two years by the Clerk of Courts executing what a named defendant called "the fix," and watched three successive judicial officers decline to act on a record of fraud any one of them had the authority and the obligation to address. John Klosterman has not written a disrespectful word to any court in four years of litigation. The record demonstrates clearly that the disrespect has run in the other direction — and that it has been systematic, consistent, and consequential.

## VI.  RELIEF REQUESTED

1.  Order the transcript of the February 26, 2026 oral argument hearing in Hamilton County Case No. A1905588 as part of the record on appeal. The transcript will confirm the exact words Magistrate Lui used to limit participation to "counsels" and to exclude a standing pro se party who had complied with Lui's own scheduling order.

2.  Correct the record to reflect that at the bench trial, Klosterman was expelled from the public gallery — implicating First Amendment and Ohio Open Courts doctrine (Art. I, § 16) — not merely denied party speaking rights.

3.  Note that Lui's own February 4, 2026 scheduling order invited parties to present oral arguments; that Klosterman emailed and appeared per that order; that Lui stated words limiting argument to "counsels"; and that Klosterman was denied when he stood.

4.  Note that Boydston's February 25, 2026 three words were "deliver," "obtain," and "fix"; that "expenses (engineered) sale" combines Lentine's sworn bench trial testimony and Boydston's sworn bench trial testimony; and that no defendant has disputed this formulation.

5.  Note that the "fix" admission was discovered by Klosterman on the clerk's docket AFTER the February 26 hearing — making it impossible to present it to Magistrate Lui at the most relevant proceeding — and that the record closed on that hearing with Boydston's admission in the file and the property owner's voice excluded.

6. Request that the Hamilton County Court certify to this Court whether Magistrate Lui has made a referral under Ohio Code of Judicial Conduct Rule 2.15(B), and if not, to state the basis for that determination on the record.

7. Grant emergency relief freezing the $85,950.62 Provident Title escrow pending resolution of this appeal. Distribution of these funds while the appeal is pending permanently moots this Court's jurisdiction over the only remaining financial asset traceable to the expenses (engineered) sale.

Respectfully submitted,

John Klosterman, Plaintiff-Appellant Pro Se
5615 Sidney Road
Cincinnati, Ohio 45238
johncklosterman@gmail.com

6th Circuit Case No. 26-3149
Federal District Court Case No. 1:25-cv-00312-SJD-KLL
Hamilton County Case No. A1905588
Hamilton County VL Case No. A-2300473

Exhibit:  A Magistrate Chris Lui Scheduling order

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the defendants by Email on March 4, 2026

John Klosterman, Pro Se



D147264417

# IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

CITY OF CINCINNATI[1],      :      **Case No. A1905588**

       **Plaintiff,**      :

       :      **Judge Wende C. Cross**

**vs.**      :

       :

JOHN KLOSTERMAN, et al.,      :      **MAGISTRATE'S SCHEDULING**

       :      **ORDER**

       **Defendants.**      :

Before the Court is the Substitute Plaintiff's motion to terminate the receivership filed on December 8, 2025. An oral argument was requested in the Substitute Plaintiff's reply brief filed on January 29, 2026.

As such, an oral argument (labelled as a "hearing on the motion") is hereby scheduled for **Thursday, February 26, 2026** at **2:00 PM**. This hearing will be conducted in the Hamilton County Courthouse, 1000 Main Street, **Courtroom 424**, Cincinnati, OH 45202.

All parties wishing to present oral arguments must attend this in-person hearing. Please contact the undersigned Magistrate (cliu@cms.hamilton-co.org) if any Party requires additional accommodations.

       **IT IS SO ORDERED.**

       **CHRIS LIU**
       **MAGISTRATE**
       **COURT OF COMMON PLEAS**



EXHIBIT

A

---

[1] The Hamilton County Land Reutilization Corporation is a substitute plaintiff in the orig