# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

JOHN KLOSTERMAN, et al,

   Plaintiff-Appellant,

**RECEIVED**

**MAR 1 6 2026**

**KELLY L. STEPHENS, Clerk**

Case No. 26-3149

vs.

CITY OF CINCINNATI, et al.,

   Defendants-Appellees.

---

### APPELLANT'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF AND PRESERVATION ORDER PREVENTING DEMOLITION OF SUBJECT PROPERTY PENDING APPEAL

700 Delhi Avenue parcel No. 153-0002-0037

---

Appellant John Klosterman, pro se, respectfully moves this Court under Fed. R. App. P. 8 and 27 and 28 U.S.C. § 1651 for an emergency order directing Appellee Hamilton County Land Reutilization Corporation (HCLRC) to cease and desist from any demolition, material alteration, or destruction of the real property that is the subject of this appeal, pending final resolution of this matter.

FACTUAL BASIS — IMMINENT IRREPARABLE HARM

1. This appeal arises from the wrongful receivership and fraudulent sale of Appellant's historic property portfolio in Sedamsville, Cincinnati, Ohio, including the subject multi-story Victorian brick structure, to HCLRC.

2. On March 15, 2026, Appellant personally observed that HCLRC or its agents have staged fresh gravel at the rear of the subject property, a characteristic precursor to demolition

equipment mobilization. This observation is supported by contemporaneous photographic documentation.

3. The subject property is a highly contributing structure in the Sedamsville historic district. Its demolition would permanently destroy the evidentiary, financial, and historical value of the property that lies at the heart of this appeal, rendering any judgment in Appellant's favor a nullity as to specific performance or restoration remedies.

4. No licensed structural engineer has filed any report finding the structure to be imminently dangerous or unrepairable. The only documented condition — a partial rear wall separation on one of four walls — is a common and stabilizable condition in 19th-century masonry structures.

5. HCLRC has a documented financial interest in avoiding stabilization costs, as it paid only $800,000 for a portfolio appraised at $3.5–4.5 million through a sale process that excluded an independent $1,000,000 cash bidder.

## LEGAL STANDARD

An appellate court may issue injunctive relief pending appeal where the movant demonstrates: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that relief serves the public interest. Nken v. Holder, 556 U.S. 418, 434 (2009).

Each factor is satisfied here. Appellant has raised substantial RICO, due process, and fraud claims. Demolition is irreversible. HCLRC suffers no cognizable harm from a brief stay to obtain structural review. And the public interest strongly favors preservation of a nationally significant contributing historic structure.

**RELIEF REQUESTED**

**Appellant respectfully requests that this Court enter an order:**

*a) Immediately enjoining HCLRC, its officers, agents, contractors, and any Cincinnati Building Department personnel from issuing demolition permits for, or commencing demolition of, the subject property;*

*b) Requiring HCLRC to retain and produce to this Court and to Appellant any structural engineering reports, building department orders, or demolition permits within 72 hours;*

*c) Scheduling an expedited hearing on this motion within 5 days;*

*d) Granting such other and further relief as this Court deems just and proper.*

Respectfully submitted,

John Klosterman

Appellant, Pro Se

Cincinnati, Ohio

Date: March 15, 2026

CERTIFICATE OF SERVICE

I certify that on March 15, 2026, I served a copy of this motion on all counsel of record by email and/or first-class mail.

John Klosterman

Exhibits A : pictures front and rear