**CASE NO. 26-3149**

---

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

*John Klosterman*
**Plaintiff-Appellant,**

**v.**

*Konza, LLC, et al.*
**Defendants-Appellees.**

---

On Appeal from the United States District Court
for the Southern District of Ohio
Honorable Susan J. Dlott
Case No. 1:25-cv-00312-SJD-KLL

---

**BRIEF OF APPELLEES KONZA, LLC, RICHARD BOYDSTON,
AND DENTONS BINGHAM GREENEBAUM LLP**

Andrew W. Hull (IN 11218-49)
Gregory A. English (IN 37527-49)
111 Monument Circle, Suite 4400
Indianapolis, IN 46204
Telephone: (317) 822-4400
awhull@hooverhullturner.com
genglish@hooverhullturner.com

Counsel for Konza, LLC, Richard Boydston, and
Dentons Bingham Greenebaum LLP

1

**Dentons Bingham Greenbaum LLP Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1, any nongovernmental corporation that is a party to a proceeding in a court of appeals must file a statement that identifies "any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation."

In compliance with this Rule, this Corporate Disclosure Statement is included on behalf of Dentons Bingham Greenebaum LLP.

1.  Is said party a subsidiary or affiliate of a publicly owned corporation?

    **No.**

2.  Is there a publicly owned corporation, not a party to this appeal, that has a financial interest in the outcome?

    **No.**

**Konza, LLC Corporate Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1, any nongovernmental corporation that is a party to a proceeding in a court of appeals must file a statement that identifies "any parent corporation and

any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation."

In compliance with this Rule, this Corporate Disclosure Statement is included on behalf of Konza, LLC.

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

   **No.**

2. Is there a publicly owned corporation, not a party to this appeal, that has a financial interest in the outcome?

   **No.**

# Table of Contents

Table of Contents....................................................................................4

Table of Authorities...............................................................................7

Jurisdictional Statement......................................................................13

Statement of Issues...............................................................................14

Statement of the Case ..........................................................................14

    I.    The Receivership Proceeding...............................................16

    II.    Klosterman was ordered to remove personal property from the Properties more than four years ago and did not.............................20

    III.    The Receiver and Receiver counsel fees and expenses are reported and approved by the Receivership Court over Klosterman's objections.........................................................21

    IV.    Order of Foreclosure and Court approval of sale procedures........24

    V.    Court approval of sale to the Land Bank ...........................................25

    VI.    Klosterman is convicted of menacing by stalking and violation of a protective order obtained by TSO employee Angel Strunk .........................................................25

    VII.    Klosterman's allegations in the instant lawsuit.............................26

Summary of Argument ........................................................................28

Argument ...................................................................................................31

   I.   Standard of Review ..........................................................................31

      a.  12(b)(1).....................................................................................31

      b.  12(b)(6).....................................................................................32

  II.   The district lacked subject-matter jurisdiction .................................33

      a.  The *Barton* doctrine bars this suit against the
         Boydston Defendants...................................................................33

      b.  The district court lacked jurisdiction over Klosterman's
         claims under the *Rooker-Feldman* doctrine .....................................36

  III.  The district court did not abuse its discretion by ordering
     Klosterman to comply with Federal Rule of Civil Procedure 8 .....38

  IV.  The district court correctly dismissed the claims pursuant to
     Rule 12(b)(6) .........................................................................40

      a.  Klosterman forfeited many of the arguments he now
         attempts to make ...............................................................40

      b.  Klosterman has forfeited several claims by failing to
         appeal their dismissal ............................................................41

      c.  The district court correctly dismissed Klosterman's Amended
         Complaint for failure to state a claim...........................................42

          i.     The RICO claims were properly dismissed .......................42

ii.    The § 1983 and § 1985 claims were properly dismissed...48

iii.    The state law claims were properly dismissed...................50

1.  Conversion ......................................................................51

2.  Fraud and breach of fiduciary duty ..............................52

3.  Malicious prosecution ....................................................52

4.  Negligent supervision ....................................................52

5.  Intentional infliction of emotional distress ..................53

V.    The Court should deny the request for
emergency injunctive relief ...............................................................54

Conclusion............................................................................................................54

Certificate of Compliance...................................................................................56

Certificate of Service ..........................................................................................57

Addendum: Konza, LLC, Richard Boydston, and Dentons Bingham
Greenbaum LLP's Designation of Relevant District Court Documents .......58

# Table of Authorities

**Cases**

*600 Marhsall Entm't Concepts, LLC v. City of Memphis*,
705 F.3d 576 (6th Cir. 2013) ...............................................34, 37, 41, 48

*Agee v. Alphatec Spine, Inc.*, 711 F. App'x 791 (6th Cir. 2018).........34, 37, 41, 48

*Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015) .............................................49

*Alshaibani v. Litton Loan Servicing, LP*,
528 F. App'x 462 (6th Cir. 2013) .......................................................................33

*Am. BioCare Inc. v. Howard & Howard Attorneys Pllc*,
702 Fed. Appx. 416 (6th Cir. 2017) .........................................................43, 46–47

*Ashcroft v. Iqbal*, 556 U.S. 662, 678,
129 S.Ct. 1937, 173 L.Ed.2d 868, (2009) .........................................................32–33

*Ashcroft v. Mt. Sinai Medical Ctr.*, 68 Ohio App.3d 359,
588 N.E.2d 280 (1990) ........................................................................................53

*Barton v. Barbour*, 104 U.S. 126, 127 (1881) ..................................................*passim*

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
528 F.3d 426 (6th Cir. 2008) ..............................................................................33

*Begala v. PNC Bank, Ohio, Nat. Ass'n*,
214 F.3d 776 (6th Cir. 2000) ..........................................................................43–44

*Benoay v. Decker*, 517 F.Supp. 490 (E.D. Mich. 1981) ........................................46

*Booth Fam. Tr. v. Jeffries*, 640 F.3d 134 (6th Cir. 2011) ......................................31

*Brown v. Cassens Transp. Co.*, 546 F.3d 347 (6th Cir. 2008) ..............................43

*Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812 (6th Cir. 2010) ....................33

*Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*,
17 F.4th 645 (6th Cir. 2021) ................................................................................32

*Davet v. City of Cleveland*, 456 F.3d 549, 553-54 (6th Cir.2006) ........................50

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303,
75 L.Ed.2d 206 (1983) .........................................................................................13

*Dyamond G., Plaintiff v. Comm'r of the Soc. Sec. Admin.*, No. 1:25-CV-525,
2025 WL 2753626 (S.D. Ohio Sept. 29, 2025) ......................................................41

*Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) ......................33

*Embassy Realty Investments, Inc. v. City of Cleveland*,
572 Fed. Appx. 339 (6th Cir. 2014) ......................................................................50

*Exec. Arts Studio, Inc. v. City of Grand Rapids*,
391 F.3d 783 (6th Cir. 2004).............................................................................36–37

*Foster v. Health Recovery Servs., Inc.*,
493 F. Supp. 3d 622 (S.D. Ohio 2020)..............................................35, 37, 41, 48

*Geboy v. Brigano*, 489 F.3d 752 (6th Cir. 2007) ...................................................42

*Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785 (6th Cir. 2015) ...............................43

*Heinrich v. Waiting Angels Adoption Servs. Inc.*,
668 F.3d 393 (6th Cir. 2012) ...............................................................................46

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229,
109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) ...............................................43

*In re DeLorean Motor Co.*, 991 F.2d 1236 (6th Cir. 1993) ...................34

*In re McKenzie*, 476 B.R. 515, 529 (E.D. Tenn. 2012), *aff'd*,
716 F.3d 404 (6th Cir. 2013) ...........................................................34–35

*Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306 (6th Cir. 2021) ..................50

*Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021) ..............................39

*Klosterman v. Boydston*, 2021 WL 602635 (S.D. Ohio Feb. 16, 2021),
*report and rec. adopted*, 2021 WL 7908551 (S.D. Ohio Mar. 16, 2021) ..............20

*Klosterman v. Sedamsville Cmty. Dev. Grp.*, 2020 WL 6440257
(S.D. Ohio Nov. 3, 2020) ................................................................19

*Kost v. Hoseth Kreeger*, 832 F. App'x 438 (6th Cir. 2021) ...................37

*Lance v. Dennis*, 546 U.S. 459 (2006) ..................................................36

*Lewis v. Whirlpool Corp.*, 630 F.3d 484 (6th Cir. 2011) .......................31

*McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006) ...................38

*McDonald v. Schencker*, 18 F.3d 491 (7th Cir. 1994) ..........................48

*McPherson v. Kelsey*, 125 F.3d 989 (6th Cir. 1997) .............................41

*Meehan v. Mardis*, 2019-Ohio-4075, 146 N.E.3d 1266, ¶ 43 (1st Dist.) ...........51

*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995) ......................................53

*Moir v. Greater Cleveland Reg'l Transit Auth.*,
895 F.2d 266 (6th Cir. 1990) ................................................................31

*Moon v. Harrison Piping Supply*, 465 F.3d 719 (6th Cir. 2006) ........................44

*Morrison v. Circuit City Stores, Inc.*,
70 F.Supp.2d 815 (S.D. Ohio 1999) ....................................................32

*OHM Sys., Inc. v. Park Place Corp.*, No. 1:19-cv-0907, 2020 WL 2572203,
 (S.D. Ohio May 21, 2020) ....................................................................34

*Otworth v. Budnik*, 594 F. App'x 859 (6th Cir. 2014) .........................................48

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F.3d 566
(6th Cir. 2002) ......................................................................................54

*Plymale v. Freeman*, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) .................39

*RAE Assocs., Inc. v. Nexus Commc'ns, Inc.*, 2015-Ohio-2166,
36 N.E.3d 757 (10th Dist.) ....................................................................51

*RLR Invs., LLC v. City of Pigeon Forge, Tenn.*,
4 F.4th 380 (6th Cir. 2021) ....................................................................36

*Rogers v. Stratton*, 798 F.2d 913 (6th Cir. 1986) ...............................................32

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413, 44 S.Ct. 148, 68 L.Ed. 362 (1923) .................................13

*Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756
(6th Cir. 2020) ......................................................................................32

*Scott v. First S. Nat'l Bank*, 936 F.3d 509 (6th Cir. 2019) ..................................42

*Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722,
(S.D. Ohio 2009) ..............................................................................................52

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479,
105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)..........................................................42, 45

*Smith v. Martin*, 542 F.2d 688 (6th Cir. 1976) ...................................................49

*Sygula v. Regency Hosp. of Cleveland E.*, 2016-Ohio-2843,
64 N.E.3d 458 (8th Dist.) .................................................................................53

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499,
168 L.Ed.2d 179 (2007) ....................................................................................33

*Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432,
(6th Cir. 2006) ..................................................................................................31

*Trzebuckowski v. City of Cleveland*, 319 F.3d 853 (6th Cir. 2003) .....................48

*U.S. v. Jester*, 775 F.2d 670 (6th Cir. 1985) ........................................................47

*U.S. v. Prince*, 214 F.3d 740 (6th Cir. 2000) ......................................................47

*United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
342 F.3d 634 (6th Cir. 2003) .............................................................................46

*United States v. Ritchie*, 15 F.3d 592 (6th Cir. 1994) .........................................32

*Vemco, Inc. v. Camardella*, 23 F.3d 129 (6th Cir. 1994) .....................................44

## Rules | Statutes

18 U.S.C. § 1961(5) ................................................................43, 45

18 U.S.C. § 1962(c) ...................................................................42

28 U.S.C § 1291.........................................................................13

42 U.S.C § 1983.................................................................*passim*

42 U.S.C. § 1985................................................................*passim*

Fed. R. Civ. P. 9(b) ...............................................................46, 52

Fed. R. Civ. P. 12(b)(1) .........................................................31–32

Fed. R. Civ. P. 12(b)(6) ....................................................31–32, 40

## Jurisdictional Statement

As explained herein, the United States District Court for the Southern District of Ohio lacked jurisdiction pursuant to the *Barton v. Barbour*, 104 U.S. 126, 127 (1881) as well as *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 148, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). This Court has jurisdiction over Appellant John Klosterman's ("Klosterman's") appeal from a final judgment pursuant to 28 U.S.C § 1291.

This Court does not have jurisdiction over the purported claims of the several entities Klosterman asserts were co-plaintiffs based on an "et al." designation in the caption of his Complaint. Klosterman's Complaint identifies a single Plaintiff, John Klosterman. [Amended Complaint, RE 33, Page ID # 363, ¶ I.1]. The district court correctly held Klosterman lacks standing to pursue claims on behalf of the entities of which he is a member. This Court should likewise reject Klosterman's attempt to appeal judgment on claims that have not been filed or dismissed.

13

## Statement of Issues

1. Whether the *Barton* doctrine required Klosterman to obtain leave of the court that appointed "Konza, LLC by its Manager Richard Boydston" as receiver before asserting claims against Konza, Boydston, or Dentons arising from the appointment as receiver.

2. Whether the district court lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

3. Whether the district court erred by requiring Klosterman to plead a short and concise complaint.

4. Whether the district court correctly dismissed the claims against Richard Boydston, Konza, LLC, and Denton Bingham Greenebaum LLP (collectively the "Boydston Defendants") for failure to state a claim.

5. Whether Klosterman is entitled to emergency injunctive relief.

## Statement of the Case

On May 13, 2025, Klosterman filed a 104-page, 346-paragaph complaint against the Boydston Defendants and others alleging each of the

defendants participated in a conspiracy to deprive him of properties that he owned or controlled. [Complaint, RE 1]. On June 26, 2026, the district court ordered Klosterman to file an amended complaint not exceeding 20 pages by July 28, 2025. [Order, RE 32]. Klosterman filed his Amended Complaint on June 27, 2026. [Amended Complaint, RE 33]. The Amended Complaint is the operative complaint and alleges claims for RICO and RICO conspiracy (Counts I and II "Against All Defendants"), Section 1985 and 1983 violations (Counts III "Against All Defendants" and IV "Against Boydston, James and City"), and state-law claims of conversion (Count V "Against All Defendants"), fraud (Count VI "Against All Defendants"), breach of fiduciary duty (Count VII "Against Boydston, Konza LLC, Jennifer Donathan, Keller Williams"), malicious prosecution (Count VIII "Against Lentine, Strunk, and Boydston"), negligent supervision (Count IX "Against Dentons and City"), and intentional infliction of emotional distress (Count X "Against All Defendants"). [Amended Complaint, RE 33, Page ID # 369–371].

On August 1, 2025, the Boydston Defendants filed their motion to dismiss all the claims asserted against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Motion to Dismiss, RE 55-1]. The district court granted the Boydston Defendants' motion and dismissed the claims against them with prejudice. [Dismissal Order, RE 89; *see also* Judgment, RE 117].

## I.     The Receivership Proceeding

Klosterman's claims in this lawsuit relate to *City of Cincinnati v. Klosterman*, No. A1905588 (Hamilton County, Ohio C.P.), which involved the foreclosure of 59 properties (the "Receivership Properties" or "Properties") Klosterman owned or controlled (the "Receivership Proceeding").[1] [Dismissal Order, RE 89, Page ID #1740 (citing Exhibits to Motion to Dismiss, RE 55-2 to 55-28)]. The city commenced the Receivership Proceeding to satisfy a judgment in its favor in another lawsuit with Klosterman. [Dismissal Order, RE 89, Page ID #1740]. The court in the Receivership Proceeding appointed Konza, LLC by its Manager

---

[1] The court in the Receivership Proceeding is the "Receivership Court."

16

Richard Boydston as receiver over all 59 properties at issue. [Dismissal Order, RE 89, Page ID #1740]. The court authorized the Receiver to act as follows:

- "take any action to manage, maintain, preserve, lease and rent all of the Properties." [*Order Appointing Receiver*, RE 55-3, Page ID #888].

- "sell any and all of the Properties subject to further order of the Court." [*Id.* Page ID #887–888. 3-4; *see also id.* Page ID #892, ¶ 17].

- "employ such attorneys, managers, agents, and persons as its judgment are advisable or necessary for performance of the duties of the Receiver;" [*Id.* Page ID #888]; and "retain contractors and other persons and entities to make repairs to the Properties and to Maintain the Properties." [*Id.*].

The court further ordered:

- "The Receiver shall not be liable for any action taken or not taken by it in good faith and shall not be liable for any mistake or fact or error of judgment or for any actions or omissions of any kind unless caused by willful misconduct or gross negligence." [*Id.* Page ID #888, ¶ 4].

- "The Receiver and its employees, agents, and attorneys shall have no personal liability … with regard to the Properties or arising out of or related to the receivership." [*Id.* Page ID #891, ¶ 13].

- "The Receiver shall be entitled to reasonable compensation for services rendered and to reimbursement for expenses incurred, all as approved by the Court. All compensation and reimbursement

17

of expenses awarded by the Court to the Receiver shall be an administrative expense priority in this case and for those arising from the Properties, a first and best lien on the Properties." [*Id.* Page ID #892, ¶ 19].

The Order specifically addressed Klosterman. He was: (1) "prohibited from taking any act interfering in any way with the acts of the Receiver" and ordered to "make available all books and records relating to the Properties, and disclose the nature, amount, and location of assets, books, and records connected with any of the Properties upon request of the Receiver or its agents" [*Id.* Page ID #889, ¶ 5]; (2) ordered to "cooperate with the Receiver and promptly and fully respond to all reasonable requests made by the Receiver for the benefit of any of the Properties" [*Id.* Page ID #889, ¶ 7]; and (3) enjoined and stayed from "commencing … any action at law or suit or proceedings … against any of the Properties or the Receiver" or "doing any act or thing whatsoever which may impair, impede or interfere with the Receiver in the discharge of the performance of its duties and powers." [*Id.* Page ID #890, ¶ 8]. The Court "expressly determine[d] pursuant to Civ. R. 54(B) that there [wa]s no just reason for delay. This is a final and appealable order." [*Id.* Page ID #893, ¶ 22].

18

Klosterman immediately sought to stay, appeal, and object to the Receivership in multiple forums, all of which were rejected. In the Receivership Proceeding, he filed a *Motion to Vacate Order Appointing Receiver* and *Emergency Motion to Stay Order Appointing Receiver Pending Appeal* and *Notice of Appeal*, which he subsequently dismissed. [*See Mot. to Vacate* (Feb. 24, 2020), Case No. A1905588; *Mot. to Stay* (Feb. 28, 2020), Case No. A1905588]. In the U.S. District Court of Southern Ohio, Klosterman filed two different suits in the first year of the Receivership:

- First, he filed a complaint against anyone who may have had anything to do with enforcing City code and other laws with respect to the Klosterman Properties, including City building inspectors, City lawyers, a Municipal Court judge, Mayor John Cranley, the City itself, and the Land Bank. [*Klosterman v. Sedamsville Cmty. Dev. Grp. et al.*, Case No. 1:20-cv-00119, *Compl.* (Feb. 13, 2020), Dkt. 1]. The District Court concluded, *inter alia*, that Klosterman's claims were barred by the *Rooker-Feldman* doctrine, *res judicata*, and he failed to state claims upon which relief could be granted. *Klosterman v. Sedamsville Cmty. Dev. Grp.*, 2020 WL 6440257 (S.D. Ohio Nov. 3, 2020), *report and rec. adopted sub nom.*, 2020 WL 7711627 (S.D. Ohio Dec. 29, 2020).

- Second, Klosterman filed a complaint against Boydston, Konza, and Tri-State Organization, Inc. in which he asserted various state law claims. [*Klosterman v. Bodyston et al.*, Case No. 1:20-cv-00878-SJD-KLL, *Compl.* (Nov. 2, 2020), Dkt. 1]. The District Court granted dismissal in March 2021 for lack of diversity and subject matter

jurisdiction. *Klosterman v. Boydston*, 2021 WL 602635, at *1 (S.D. Ohio Feb. 16, 2021), *report and rec. adopted*, 2021 WL 7908551 (S.D. Ohio Mar. 16, 2021).

Klosterman continued to object and interfere in the Receivership Proceeding. On November 3, 2021, the Receivership Court entered an Order denying numerous motions filed by Klosterman. [*Magistrate's Order on Def. John C. Klosterman's Motions*, RE 55-5, Page ID #906–901]. In December 2022, the Receivership Court approved the sale of the 59 properties. [*Magistrate's Order on Motion by Receiver to Approve Sale*, RE 55-23, Page ID #1296].

## II.   Klosterman was ordered to remove personal property from the Properties more than four years ago and did not.

On September 17, 2020, the court in the Receivership Proceeding entered an *Order Directing Defendant John Klosterman to Remove Personal Property*. [Exhibit 5 to Motion to Dismiss, RE 55-6, Page ID #914]. Klosterman was ordered to provide a written notice listing any "Personal Property Claimed" to the Receiver no later than October 15, 2020. [*Id.*]. The Receiver was directed to respond in writing to Klosterman within 14 days of receipt of any list from Klosterman. [*Id.* Page ID # 915]. Klosterman was ordered to

remove his Personal Property Claimed within 14 days thereafter, after which the court ordered that "Klosterman and the Klosterman Entities shall have no right, title, interest or claim of any sort" to any Personal Property Claimed or otherwise located at the Properties. [*Id.*]. On October 19, 2020, the Receiver notified the court that Klosterman "failed to file or serve anything in response or pursuant to that Order or to otherwise communicate in any form or manner with the Receiver with respect to any personal property which is, or may be, located on any of the real property subject to this receivership by the October 15, 2020 deadline." [*Receiver's Notice on Disposition of Personal Property*, RE 55-7, Page ID # 918]. Consequently, "sole and exclusive ownership of all such personal property [wa]s transferred to the Receiver." [*Id.*; *see also Order Directing Def. John Klosterman to Remove Personal Property*, RE 55-6, Page ID # 915].

III.   **The Receiver and Receiver counsel fees and expenses are reported and approved by the Receivership Court over Klosterman's objections.**

On December 5, 2022, the Receiver filed a *Motion for Approval of Fees and Expense through November 30, 2022 and Order Directing Payment*. [RE 55-10,

Page ID # 942]. Submitted with it were invoices reflecting the time, fees and expenses of counsel for the Receiver due to Dentons and the time, fees and expenses of the Receiver due to Konza. [*Id.* Page ID # 959–1006 (Dentons Invoices); Page ID # 1007–1044 (Konza LLC's Invoices)].

Klosterman filed an *Objection to … Motion by Receiver for Approval of Fees and Expenses*. [Objection, RE 55-11, Page ID #1047]. In it, among other things, Klosterman complained about: (a) what he believed to be "double billing" (*id.* Page ID # 1051, ¶ 27); (b) lack of information and attention from the Receiver for which he believed the Receiver "should be criminally liable" (*id.* Page ID #1051–52, ¶¶ 29-30); (c) alleged "collusion" between Tri-State Organization, Inc. ("TSO"),[2] the City, and Boydston (*id.* Page ID # 1052 ¶ 31); (d) Boydston's "billing dollars spent" (*id.* Page ID # 1054, ¶ 42); and (e) other objections to the "legal billings" and activities (*id.* Page ID # 1055–56, ¶¶ 43, 45-46). Klosterman requested a hearing (*id.* Page ID # 1058), which occurred on December 19, 2022.

---

[2] Klosterman hired TSO to manage the Properties. TSO continued to provide management services after the Receiver was appointed. [*Receiver's First Report*, RE 55-4, Page ID # 896].

On December 20, 2022, the Magistrate entered an Order that granted the Receiver's Motion, ordered the Receiver be paid the full sum sought out of the proceeds of the sale of the Properties, and ordered pursuant to Civ. R. 54(B) there was no just reason for delay. [*Magistrate's Order on Mot. by Receiver for Approval of Fees and Expenses Through Nov. 30, 2022 and Order Directing Payment* (Dec. 20, 2022), RE 55-12, Page ID # 1059].

On December 28, 2022, Klosterman filed an *Objection [to] … Order to Distribute Fraudulent Sales Funds to Receiver and Richard Boydston*. [Objection (Dec. 28, 2022), RE 55-13, Page ID # 1062]. Klosterman again claimed there was "double billing by Richard Boydston" [*id.*], that his "review of the legal billings and investigation … [showed] alleged fraud … committed by … Boydston and the City Departments" [*id.*], and he complained about duplication between Konza and Dentons' "legal billing records" and the Receiver's hourly rate. [*Id.* at Page ID # 1063]. On January 18, 2023, the court entered an Order Denying Klosterman's Objection/Motion. [*Entry Denying Klosterman's Motion to Set Aside Magistrate's Order*, RE 55-14, Page ID # 1074]. Konza LLC was paid the receivership fees and legal fees,

23

following Klosterman's objections, at the May 1, 2023 closing on the sale of the Receivership Properties.

## IV.   Order of Foreclosure and Court approval of sale procedures.

On July 13, 2021, the Receiver filed a *Motion to Approve Sale of Properties by Public Auction*. [*Motion by Receiver to Approve Sale of Properties by Public Auction*, RE 55-17, Page ID #1125]. On October 8, 2021, the Receiver filed a *Notice of Revised Sale Terms* which submitted a Revised Sale Terms document. [*Notice of Revised Sale Terms* (Oct. 8, 2021), RE 55-18, Page ID # 1137]. On October 25, 2021, the Receiver filed an *Amended Motion by Receiver to Approve Sale and Sale Terms*, which contained a "Further Revised Sale Terms" sheet reflecting further revisions to the sales term sheet as had been discussed at the hearing. [*Amended Mot.* (Oct. 25, 2021), RE 55-19, Page ID # 1153]. On December 13, 2021, the Magistrate entered an *Order Granting Receiver's Motion for Sale* and approved the Further Revised Sale Terms. [*Magistrate's Decision Granting Receiver's Motion for Sale*, RE 55-20, Page ID # 1180]. On March 4, 2022, the Court adopted the Magistrate's Order. [*Entry Adopting Magistrate's Decision*, RE 55-21, Page ID # 1201].

## V.   Court approval of sale to the Land Bank.

On September 26, 2022, the Receiver submitted a *Motion to Approve Sale of the Receivership Properties* to the Hamilton County Land Reutilization Corporation (the "Land Bank") for $1,474,017, which included a $674,017 credit on the judgment in favor of the City, and $800,000 cash. [*Mot. by Receiver to Approve Sale* (Sept. 26, 2022), RE 55-22, Page ID # 1219, 1225–26]. Following a hearing, the court entered its Order Approving Sale. [*Magistrate's Order on Mot. by Receiver to Approve Sale* (Oct. 19, 2022), RE 55-23, Page ID # 1296. *See also* RE 55-12 (*Order Directing Payment* (Dec. 20, 2022)); RE 55-14 (*Entry Denying Klosterman's Mot. to Set Aside Magistrate's Order* (Jan. 18, 2023)]. On May 1, 2023, the Receiver and Land Bank closed on the sale of Properties. [*Report of Sale by Receiver* (May 22, 2023), RE 55-26, Page ID #1317].

## VI.   Klosterman is convicted of menacing by stalking and violation of a protective order obtained by TSO employee Angel Strunk.

Shortly before the Receivership Order was entered, Klosterman hired Angel Strunk to perform secretarial and related services. Lentine hired her in the same capacity for TSO and she resided in a property owned by

Klosterman but not included in the Receivership Properties, across the street from TSO's offices. *See State v. Klosterman*, 2022-Ohio-4596, 2022 WL 17830269, ¶¶ 1-2 (Ohio Ct. App. Dec. 21, 2022). Subsequent to the commencement of the Receivership, Strunk obtained a protective order against Klosterman after he continued to contact her – including to demand information relating to the Receivership – and visit her at the residence she rented from Klosterman. *Id.* at ¶ 3-5. Klosterman was convicted by a jury of menacing by stalking and violations of a protective order in August 2021. *See id.* at ¶ 8. The judgment against Klosterman was affirmed on appeal. *Id.* at ¶ 27. As reflected in billing records about which Klosterman complains, Boydston was contacted by a City prosecutor in connection with the charges against Klosterman and was subpoenaed to testify at the criminal trial. [*See* Amended Complaint, RE 33, Page ID # 367 ¶ 25 (discussing Boydston's billing records)].

## VII.   Klosterman's allegations in the instant lawsuit.

With respect to the Boydston Defendants, Klosterman complains as follows:

26

- alleged simultaneous billing by Konza and Dentons, and that Dentons "failed to supervise Boydston's conflicts and criminal associations." [Amended Complaint, RE 33, Page ID # 364, 371 ¶¶ 7, 45];

- alleged inadequacy of the May 2023 sale of the Properties by: (a) mischaracterizing Boydston's testimony discussing the structure and opinions relating to the sale at the TSO bench trial [*id.* Page ID # 365, ¶¶ 8-10], (b) claiming there was "a legitimate $1,000,000 cash offer" that should have been accepted instead of the $1,474,017 sale that had an $800,000 cash component [*id.* Page ID # 365, ¶ 12; *see also* add cite to sale approval record], and (c) alleging that unspecified defendants "modified" an "Original sales document" and an "Amended sales agreement" [*id.* Page ID # 365, ¶¶ 13-14];

- "Defendants coordinated false criminal charges against him" [*id.*. Page ID # 366, ¶ 21], and Boydston's legal billing records showed that he had a discussion "with prosecutors, confirming his participation in the malicious prosecution." [*id.* Page ID # 367, ¶ 25]; and

- "Defendants converted [his] personal property including a … motorcycle . . . and [historical] documents." [*id.* Page ID # 367, ¶ 29].

Klosterman also alleges that "Defendants" submitted "34 false monthly financial reports to court[,]" mailed "[f]alse billing statements and court filings" and "with[held] bank records[.]" [*id*. Page ID # 368–69, ¶ 34].

## Summary of Argument

The district court correctly dismissed every claim against the Boydston Defendants.

First, the district court lacked subject-matter jurisdiction under the *Barton* and *Rooker-Feldman* doctrines. Klosterman failed to meaningfully oppose application of either doctrine in briefing below and has therefore waived the arguments for appeal. Irrespective of this waiver, the district court applied the doctrines correctly.

The claims against the Boydston Defendants are barred by the *Barton* doctrine, which requires a litigant to obtain leave of the court that appointed a receiver before suing the receiver or its legal counsel. Klosterman did not obtain leave, and his reliance on the *ultra vires* exception is misplaced because none of the Boydston Defendants engaged in any *ultra vires* acts.

The district court also correctly concluded it lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which prohibits federal courts from exercising appellate jurisdiction over state court

decisions. Klosterman complains that he was harmed by several state court orders. The district court had no power to review those state court decisions.

The district court was correct to dismiss Klosterman's RICO and RICO conspiracy claims; his claims under 42 U.S.C. §§ 1983 and 1985; and his state law claims for conversion, fraud, breach of fiduciary duty, malicious prosecution, negligent supervision, and intentional infliction of emotional distress. As a threshold matter, the district court did not abuse its discretion by allowing Klosterman the opportunity to amend his 104-page Complaint; the court was well within its discretion in setting a page limit, and it could have simply dismissed the non-compliant Complaint under Rule 8. Klosterman voiced no objection to the page-limit before filing his Amended Complaint one day later, and he did not argue below that he was impaired by the page limit. The district court correctly held he failed to state viable claims.[3]

---

[3] The district court could have held Klosterman forfeited several of his claims, but again offered leniency and analyzed each claim.

The RICO claims were properly dismissed because the Amended Complaint (i) does not allege an association-in-fact; (ii) alleges the enterprise existed for a single objective—to deprive him of property; and (iii) does not plead any predicate offense.

The §§ 1983 and 1985 claims are both barred by the applicable two-year statute of limitations. Further, the § 1985 claim was properly dismissed because the Amended Complaint does not allege the acts were taken due to "racial" or "class-based invidious discrimination." The § 1983 claims substantively fail because Klosterman seeks to attack state-court orders that approved the purportedly wrongful conduct.

Finally, Klosterman does not appear to challenge the dismissal of his claims for conversion, fraud, breach of fiduciary duty, malicious prosecution, negligent supervision, and intentional infliction of emotion distress. To the extent he is challenging the dismissal of those claims, he forfeited that challenge below by failing to argue in opposition to dismissal of the state law claims. Further, the Amended Complaint does not allege

facts that support any of the state law claims; therefore, they were properly dismissed.

The Court should affirm the district court's decision.

## Argument

### I.      Standard of Review

This Court reviews the district court's dismissal of the Amended Complaint de novo. *Booth Fam. Tr. v. Jeffries*, 640 F.3d 134, 139 (6th Cir. 2011); *see also Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011) ("A district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction is reviewed de novo."); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 435 (6th Cir. 2006) (setting forth the same standard of review for Rule 12(b)(1) dismissals based on the *Rooker-Feldman* doctrine).

### a.  12(b)(1)

Challenges to subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided before any ruling on the merits under Rule 12(b)(6). *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

31

The party seeking to invoke jurisdiction bears the burden of proof. *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986). A 12(b)(1) factual attack challenges the fact of jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In such cases, the truthfulness of the complaint is not presumed, and the court may weigh any evidence before it. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999).

### b. 12(b)(6)

The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff" and ask whether the complaint "contain[s] sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020). Courts must "disregard bare legal conclusions and 'naked assertion[s],' affording the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868, (2009)). Courts should not "'accept as true a

legal conclusion'" nor "credit a '[t]hreadbare recital of the elements of a cause of action ... supported by mere conclusory statements.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937); *see also Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463 (6th Cir. 2013) (Court need not accept "unwarranted factual inferences."). Courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *see also Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) (Courts may "take judicial notice of matters of public record, orders, [and] items appearing in the record of the case"); *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("a court may take judicial notice of other court proceedings"); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.     The district court lacked subject-matter jurisdiction.

### a.  The *Barton* doctrine bars this suit against the Boydston Defendants.

The Court should affirm the district court's holding that the *Barton* doctrine bars this suit against the Boydston Defendants. Under *Barton*,

"before suit is brought against a receiver leave of the court by which he was appointed must be obtained. *Barton v. Barbour*, 104 U.S. 126, 127 (1881). This Court and courts in this circuit have applied *Barton* to preclude suits against receivers, trustees, and legal counsel assisting them. *See, e.g., In re McKenzie*, 476 B.R. 515, 529 (E.D. Tenn. 2012), *aff'd*, 716 F.3d 404 (6th Cir. 2013); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993); *OHM Sys., Inc. v. Park Place Corp.*, No. 1:19-cv-0907, 2020 WL 2572203, at *5 (S.D. Ohio May 21, 2020) ("Where a plaintiff neglects to obtain leave from the appointing court, a suit filed against the receiver [or bankruptcy trustee] in another court must be dismissed for lack of subject matter jurisdiction.") (alteration in original; citations omitted).

Klosterman argues that *Barton* does not apply based on his contention that Boydston Defendants' acts were *ultra vires*. Klosterman forfeited this argument by failing to raise it in his opposition brief below. *See Agee v. Alphatec Spine, Inc.*, 711 F. App'x 791, 792 (6th Cir. 2018) (plaintiff forfeited argument by failure to raise it in the district court); *600 Marhsall Entm't Concepts, LLC v. City of Memphis*, 705 F.3d 576, 585 (6th Cir. 2013) ("[T]he

failure to present an issue to the district court forfeits the right to have the argument addressed on appeal."); *Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d 622, 637 (S.D. Ohio 2020) (holding that plaintiff forfeited claims by failing to respond to arguments raised in motion to dismiss); *see also* Klosterman Opposition, RE 60.

Additionally, Klosterman's reliance on the *ultra vires* exception is incorrect. The *ultra vires* exception to the *Barton* doctrine applies when an appointed individual acts outside of his official capacity or scope of authority. *In re McKenzie*, 716 F.3d 404, 414 (6th Cir. 2013). "The situation in which trustees have been most commonly found to have acted outside of their authority is in seizing property which is found not to be property of the estate." *Id.* at 415; *see also Barton*, 104 U.S. at 134 ("if, by mistake or wrongfully, the receiver takes possession of property belonging to another, such person may bring suit therefor against him personally as a matter of right; for in such case the receiver would be acting *ultra vires*"). Klosterman makes no such claim; he claims only that the Boydston Defendants

wronged him by taking acts approved by the court in the Receivership Proceeding. [Amended Complaint, RE 33, ¶¶ 7, 8–10, 12, 25, 29].

The Court should affirm the district court's conclusion that, under the *Barton* doctrine, it lacked subject-matter jurisdiction over the suit against the Boydston Defendants. [Dismissal Order, RE 89, Page ID #1749].

### b.  The district court lacked jurisdiction over Klosterman's claims under the *Rooker-Feldman* doctrine.

The Court should affirm the district court's holding that it lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine also prohibits district courts from exercising jurisdiction over interlocutory state court judgments, *see RLR Invs., LLC v. City of Pigeon Forge, Tenn.*, 4 F.4th 380, 396 (6th Cir. 2021), and claims that are "inextricably intertwined with issues decided in state court opinions[,]" *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (internal quotation and citation omitted). "A federal claim is inextricably intertwined with a state court judgment and thus implicates

36

*Rooker-Feldman* when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Exec. Arts Studio, Inc.*, 391 F.3d at 793 (internal quotation and citation omitted). Put differently, *Rooker-Feldman* applies if "the source of the plaintiff's injury is the state-court judgment itself." *Kost v. Hoseth Kreeger*, 832 F. App'x 438, 439 (6th Cir. 2021).

Klosterman argues *Rooker-Feldman* does not apply based on the extrinsic fraud exception because he "does not seek to overturn the foreclosure judgment." [Klosterman's Brief p. 34]. Klosterman forfeited this argument by failing to make it below.[4] *See Agee*, 711 F. App'x at 792 (plaintiff forfeited argument by failure to raise it in the district court); *600 Marhsall Entm't Concepts*, 705 F.3d at 585 ("[T]he failure to present an issue to the district court forfeits the right to have the argument addressed on appeal."); *Foster*, 493 F. Supp. 3d at 637 (holding that plaintiff forfeited claims by failing to respond to arguments raised in motion to dismiss); *see also* [Klosterman Opposition, RE 60]. Further, the source of *all* Klosterman's claims and

_____

[4] Notwithstanding this forfeiture, the district court analyzed this argument in detail. [Dismissal Order, RE 89, Page ID #1746, n.7].

alleged injuries are state-court orders approving the sale of the properties, approving payments of fees and expenses to the Boydston Defendants (and others), and addressing removal and ownership rights to personal property located in the Receivership Properties. [Exhibits 5, 11, 13, 20, & 22 to Motion to Dismiss, RE 55-6, Page ID # 914; 55-12, Page ID # 1059; 55-14 Page ID # 1074; 55-21 Page ID # 1201, 55-23 Page ID # 1296]. Klosterman's avenue to challenge these orders is in the state court, not the federal courts. Because Klosterman attacks state-court orders, the claims are barred by the *Rooker-Feldman* doctrine. *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006) (*Rooker-Feldman* barred claims that alleged "the state court order itself was illegal and harmed Plaintiff").

### III.   The district court did not abuse its discretion by ordering Klosterman to comply with Federal Rule of Civil Procedure 8.

Klosterman originally filed a 104-page, 346-paragraph complaint. [Complaint, RE 1]. The district court *sua sponte* ordered Klosterman to file an amended complaint not to exceed twenty pages because the original was "too conclusory, voluminous, and unfocused to meet the requirement of Fed. R. Civ. P. 8." [Order, RE 32, Page ID #360]. Klosterman filed his 17-

page Amended Complaint the next day [Amended Complaint, RE 33] but now argues that the district court's page limit caused him to be unable to plead viable claims. [Klosterman's Brief p. 39].[5] Because the district court could have dismissed the cumbersome original Complaint, it did not abuse its discretion by giving Klosterman the opportunity to file an Amended Complaint that complied with the Federal Rules of Civil Procedure. *See Plymale v. Freeman*, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion by dismissing 119-page complaint for failure to comply with Rule 8); *see also Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) ("[t]he district court and defendants should not have to 'fish a gold coin from a bucket of mud' to identify the allegations really at issue.").

---

[5] Klosterman did not challenge the imposed page-limit or raise the issue in his opposition to the Boydston Defendants' motion to dismiss.

**IV.    The district court correctly dismissed the claims pursuant to Rule 12(b)(6).**

Klosterman's claims were also properly dismissed for failure to state a claim.[6]

> **a.  Klosterman forfeited many of the arguments he now attempts to make.**

In the motion to dismiss below, the Boydston Defendants argued Klosterman failed to state claims for (i) RICO/RICO conspiracy; (ii) under 42 U.S.C. § 1985; (iii) under 42 U.S.C § 1983; (iv) conversion; (v)  fraud; (vi) breach of fiduciary duty; (vii) malicious prosecution; (viii) negligent supervision; and (ix) intentional infliction of emotional distress. [Motion to Dismiss, RE 55-1, Page ID # 791–808]. Klosterman did not argue against dismissal of his § 1983, § 1985, conversion, fraud, breach of fiduciary duty, malicious prosecution, negligent supervision, or intentional infliction of emotional distress claims. [*See* Klosterman Opposition, RE 60]. He has

---

[6] The Court need not reach the Rule 12(b)(6) arguments related to the claims against the Boydston Defendants unless it concludes that the district court erred by holding it lacked subject-matter jurisdiction under *Barton* and *Rooker-Feldman*.

forfeited those claims. *Agee*, 711 F. App'x at 792; *600 Marhsall Entm't Concepts*, 705 F.3d at 585; *Foster*, 493 F. Supp. 3d at 637.

Klosterman's opposition below defended only his RICO claims, and in support of those Klosterman re-stated his allegations but pointed to no authority supporting the conclusion that those allegations stated a viable claim. [Klosterman Opposition, RE 60, Page ID # 792–97]. This too amounts to a forfeiture of the claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones"); s*ee also Dyamond G., Plaintiff v. Comm'r of the Soc. Sec. Admin.*, No. 1:25-CV-525, 2025 WL 2753626, at *4 (S.D. Ohio Sept. 29, 2025) ("*pro se* litigants . . . are held to this same standard").

### b. Klosterman has forfeited several claims by failing to appeal their dismissal.

Like his opposition below, Klosterman's appellate brief focuses solely on his RICO claims. Klosterman has forfeited any argument that the Court

should reverse the dismissal of his § 1983, § 1985, conversion, fraud, breach of fiduciary duty, malicious prosecution, negligent supervision, or intentional infliction of emotional distress claims. *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) ("[A]n appellant forfeits an argument that he fails to raise in his opening brief."); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (concluding that the pro se petitioner had forfeited certain claims by failing to "advance[ ] any sort of argument for the reversal of the district court's rulings").

### c. The district court correctly dismissed Klosterman's Amended Complaint for failure to state a claim.

The district court correctly concluded that Klosterman's Amended Complaint failed to state any claim. [Dismissal Order, RE 89, Page ID # 1750–56].

### i. The RICO claims were properly dismissed.

A violation of 18 U.S.C. § 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). A pattern of racketeering activity requires at least two acts of racketeering

activity within ten years of each other. 18 U.S.C. § 1961(5). To show a "pattern" of racketeering activity, a plaintiff must show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–39, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *see also Brown v. Cassens Transp. Co.*, 546 F.3d 347, 355 (6th Cir. 2008). A RICO conspiracy requires allegations of "all the elements of a RICO action plus one additional element: 'an illicit agreement to violate the substantive RICO provision.'" *Am. BioCare Inc. v. Howard & Howard Attorneys Pllc,* 702 Fed. Appx. 416, 423 (6th Cir. 2017) (quoting *Grubbs v. Sheakley Grp., Inc.*, 807 F.3d 785, 806 (6th Cir. 2015)). Where a plaintiff does not establish an underlying RICO violation, the RICO conspiracy claim also fails. *Id.* Klosterman's Amended Complaint fails to state a RICO claim for several reasons.

First, Klosterman does not allege an association-in-fact. *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000) ("A properly pled RICO claim must cogently allege activity 'that would show ongoing, coordinated behavior among the defendants that would constitute an

43

association-in-fact.'") (quotation omitted). Klosterman "essentially lists a string of entities allegedly comprising the enterprise, and then lists a string of supposed racketeering activities in which the enterprise purportedly engages" which is insufficient as a matter of law. *Id.* at 781-82; [Amended Complaint, RE 33, Page ID # 368, ¶¶ 32, 34]; *Begala*, 214 F.3d at 781-82 ("the complaint must contain facts suggesting that the behavior of the listed entities is 'coordinated' in such a way that they function as a 'continuing unit[.]'").

Second, Klosterman's RICO claims fail because he alleges the enterprise existed for a single objective—to deprive him of property.[7] [Amended Complaint, RE 33, Page ID # 368, ¶¶ 31, 33]. A RICO claim does not lie when defendants embark on a scheme with the single objective of depriving a "single victim" of some benefit. *See Vemco, Inc. v. Camardella*, 23 F.3d 129, 135 (6th Cir. 1994); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 725–26 (6th Cir. 2006) (affirming dismissal of RICO claims where

---

[7] In his Brief, Klosterman contends several entities that he controls are co-plaintiffs. As the district court correctly held, Klosterman cannot assert claims for those entities on his own behalf, and he also cannot represent them in this litigation. [Dismissal Order, RE 89, Page ID #1750–51].

complaint contained "no facts suggesting that the scheme would continue beyond the Defendants accomplishing their goal of terminating [the plaintiff's] benefits").

Third, Klosterman did not plead any predicate offense. To establish a "pattern of racketeering activity," Klosterman must plausibly allege that each of the Boydston Defendants committed at least two predicate offenses. 18 U.S.C. § 1961(5); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n.14, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Klosterman summarily lists the following as having been committed by all "Defendants": "Wire Fraud: 34 false monthly financial reports to court"; "Mail Fraud: False billing statements and court filings"; "Bank Fraud: Fraudulent PPP loan applications"; "Money Laundering: Concealing sources of fraudulent proceeds"; (18 U.S.C. § 1956); and "Obstruction: Withholding bank records, filing false reports[.]" [Amended Complaint, RE 33, Page ID # 368, ¶ 34]. A complaint "'may not rely upon blanket references to acts or omissions by all of the 'defendants,' for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the … conduct with which he

45

individually stands charged.'" *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Benoay v. Decker,* 517 F.Supp. 490, 493 (E.D. Mich. 1981)).

Klosterman's pleading lacks factual allegations directed to the Boydston Defendants to support any, let alone two, of the listed predicate offenses, and lacks the specificity required by Rule 9(b). Because Klosterman claims racketeering activities resulting from wire, mail or bank fraud, he "must state with particularity the circumstances constituting [such] fraud." Fed. R. Civ. P. 9(b); *see also Am. BioCare Inc. v. Howard & Howard Attorneys Pllc*, 702 Fed. Appx. 416, 421 (6th Cir. 2017). "At a minimum," Klosterman "must 'allege the time, place, and content of the alleged misrepresentation on which [he] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* (quoting *Heinrich v. Waiting Angels Adoption Servs. Inc.*, 668 F.3d 393, 403 (6th Cir. 2012); *see also United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)).

46

The Amended Complaint contains conclusory allegations that predicate offenses occurred, but it contains no facts supporting those conclusion:

- Klosterman alleges wire fraud, mail fraud, and bank fraud,[8] but he fails to "give even one date" of the alleged fraudulent conduct. [Amended Complaint, RE 33, Page ID #368–69, ¶¶ 34, 36]; *see also Am. BioCare Inc. v. Howard & Howards Attorneys Pllc*, 702 F. App'x 416, 422 (6th Cir. 2017) (affirming dismissal where complaint failed to provide sufficient specificity of RICO fraud).

- Klosterman alleges the defendants committed money laundering but offers merely a legal conclusion that unspecified defendants have "conceal[ed] sources of fraudulent proceeds," and he does not plausibly allege any facts supporting the statutory elements with respect to the Boydston Defendants. [Amended Complaint, RE 33, Page ID #368–69, ¶¶ 34, 36]; *see also U.S. v. Prince*, 214 F.3d 740, 747 (6th Cir. 2000) (money laundering elements are: "(1) use of funds that are proceeds of unlawful activity; (2) knowledge that the funds are proceeds of unlawful activity; and (3) conduct or attempt to conduct a financial transaction, knowing that the transaction is designed in whole or in part to disguise the nature, location, source, ownership or control of the proceeds").

- Klosterman alleges obstruction of justice and witness tampering but does not allege any facts that suggest any Boydston Defendant has engaged in any "threats of force" or "any threatening letter of communication" to influence, intimidate, or impede any witness, juror or court official. *See U.S. v. Jester*, 775 F.2d 670, 675-76 (6th Cir. 1985) (discussing obstruction of justice elements); *see generally* [Amended Complaint, RE 33].

---

[8] Klosterman does not allege the Boydston Defendants had any role in the purported bank fraud.

47

- Klosterman argues in his brief that conversion is an additional predicate offense supporting his RICO claims, [Klosterman's Brief p. 37], but Klosterman has forfeited this argument because he did not raise it in opposition to the Boydston Defendants' Motion to Dismiss. *Agee*, 711 F. App'x at 792; *600 Marhsall Entm't Concepts*, 705 F.3d at 585; *Foster*, 493 F. Supp. 3d at 637; *see also* [Klosterman Opposition, RE 60, Page ID # 1407–08]. Further, the conversion of personal property is not a predicate act that supports a RICO claim. *See Otworth v. Budnik,* 594 F. App'x 859, 862 (6th Cir. 2014) ("theft ... [is] not recognized as [a] predicate act[ ] under RICO, and can be dismissed immediately"); *McDonald v. Schencker,* 18 F.3d 491, 495–96 (7th Cir. 1994) (noting that conversion "does not constitute a predicate act for purposes of RICO").

The district court correctly concluded that Klosterman stated no plausible RICO claim. [Dismissal Order, RE 89, Page ID # 1750–51]. The Court should affirm the dismissal of those claims.

### ii.   **The § 1983 and § 1985 claims were properly dismissed.**

The district court correctly held the (now-forfeited) claims under 42 U.S.C. §§ 1983 and 1985 are barred by the statute of limitations. [Dismissal Order, RE 89, Page ID # 1751–52]. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853 (6th Cir. 2003) (claim under § 1983 subject to two-year statute of limitation); *Swartz v. Eastman & Smith*, 1999 WL 801570, at *1 (6th Cir. Sept. 28, 1999) (claim under § 1985 subject to two-year statute of limitation).

Klosterman knew or should have known of his potential claims in 2020. [Exhibits 5, 6, 22, and 25 to Motion to Dismiss, RE 55-6, Page ID # 914; RE 55-7, Page ID # 918; RE 55-23, Page ID # 1296; RE 55-26, Page ID # 1317]. The claims are time barred, and Klosterman does not argue otherwise in his brief.

The claims also fail because Klosterman did not allege sufficient facts to support them. Only § 1985(3) could apply to Klosterman's claims.[9] To state a claim under 42 U.S.C. § 1985(3), Klosterman had to allege a "racial" or "class-based invidious discrimination." *Smith v. Martin*, 542 F.2d 688, 690 (6th Cir. 1976). Klosterman's Amended Complaint contains no allegation of discrimination.

Klosterman's § 1983 claim is premised on the allegation that the defendants violated his Fourth, Fifth, and Fourteenth Amendment rights. The Amended Complaint alleges no facts that support this claim. The purportedly wrongful conduct occurred in the Receivership Proceeding

---

[9] § 1985(1) does not apply because Klosterman is not a federal officer; § 1985(2) does not apply because Klosterman does not allege and wrongful acts in federal proceedings or that any acts in the state court proceeding were motivated by a racial or class-based discriminatory purpose. *Alexander v. Rosen*, 804 F.3d 1203, 1207–08 (6th Cir. 2015).

pursuant to court orders. *Davet v. City of Cleveland*, 456 F.3d 549, 553-54 (6th Cir.2006) (§ 1983 due process and taking claims fail where the property was taken for the purpose of abating a property nuisance and in accordance with court orders and procedures mandated by city and state law); *Embassy Realty Investments, Inc. v. City of Cleveland*, 572 Fed. Appx. 339, 345 (6th Cir. 2014) ("taking" or "seizure" to "abate a nuisance after the entry of remedial orders does not violate the Fourth Amendment" or taking or due process rights); *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 311 (6th Cir. 2021) (affirming dismissal of § 1983 claims based on demolition of building as public nuisance on property owned by plaintiff).

### iii.   **The state law claims were properly dismissed.**

As noted above, Klosterman does not appear to challenge the dismissal of his state law claims because he makes no argument for reversing their dismissal. Notwithstanding this forfeiture, each state law claim was properly dismissed.

## 1. Conversion

Klosterman discusses alleged conversion of personal property in arguing his RICO claims. [Klosterman Brief p. 37]. "It is fundamental that a plaintiff in a conversion action must show *title or rightful ownership* of the chattel, including money, at the time of the alleged conversion." *RAE Assocs., Inc. v. Nexus Commc'ns, Inc.*, 2015-Ohio-2166, 36 N.E.3d 757, ¶ 30 (Ohio Ct. App. 2015). The alleged conversion here occurred after the court's October 2020 order in the Receivership Proceeding regarding the removal of Klosterman's property. [*Order Direction Def. John Klosterman to Remove Personal Property*, RE 55-6, Page ID # 914]. That order deprived Klosterman of title or rightful ownership to the property and it is the last date his conversion claim (which is subject to a four-year statute of limitation) could have accrued. *Meehan v. Mardis*, 2019-Ohio-4075, 146 N.E.3d 1266, ¶ 43 (Ohio Ct. App. 2019). Thus, the conversion claim is factually deficient and time barred.

## 2. Fraud and breach of fiduciary duty

Klosterman did not oppose the dismissal of his fraud and breach of duty claims below and does not appear to challenge the dismissal of these claims now. They were correctly dismissed. Klosterman's Amended Complaint fails to satisfy Federal Rule of Civil Procedure 9(b)'s particularity requirements. *See Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 735 (S.D. Ohio 2009) ("[W]here a breach of fiduciary duty claim is based on fraud, the fraud must be pleaded with particularity.").

## 3. Malicious prosecution

The district court correctly concluded Klosterman failed to state a viable malicious prosecution claim because he did not (and cannot) allege the purportedly maliciously prosecuted case was terminated in his favor. [Dismissal Order, RE 89, Page ID # 1755].

## 4. Negligent supervision

Klosterman also failed to allege facts sufficient to sustain his claim for negligent supervision. In Ohio, the elements of negligent supervision are: "(1) an employment relationship; (2) incompetence of the employee; (3)

actual or constructive knowledge of the incompetence by the employer; (4) an act or omission by the employee which caused the plaintiff's injuries; and (5) negligent retention of the employee by the employer, which action is the proximate cause of the plaintiff's injuries. *Sygula v. Regency Hosp. of Cleveland E.*, 2016-Ohio-2843, 64 N.E.3d 458, ¶ 35 (Ohio Ct. App. 2016). Klosterman's sole allegation on this claim is that Dentons "failed to supervise Boydston's conflicts and criminal associations." [Amended Complaint, RE 33, Page ID # 371, ¶ 45]. This conclusory allegation does not state a claim for negligent supervision.

### 5. Intentional infliction of emotional distress

The district court correctly concluded that the barebones allegations in the Amended Complaint are insufficient to plead the elements of intentional infliction of emotional distress: intent, outrageous conduct, proximate causation, and mental anguish. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Ashcroft v. Mt. Sinai Medical Ctr.*, 68 Ohio App.3d 359, 588 N.E.2d 280, 284 (Ohio Ct. App. 1990). Klosterman does not address this claim in his brief.

53

**V.    The Court should deny the request for emergency injunctive relief.**

Klosterman also asks the Court to enter an injunction prohibiting the disbursement of the funds remaining in the Receivership Proceeding escrow account and ordering the production of bank documents in the Receivership Proceeding. [Klosterman Brief p. 46–47]. As Klosterman recognizes, "money is fungible." This alone defeats his request to freeze the escrow account. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F.3d 566, 578 (6th Cir. 2002) ("A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages."). There is also no basis or support for this Court to insert itself into purported discovery disputes that occurred in the Receiver Proceeding. The Court should deny the request for emergency relief.[10]

## Conclusion

The Court should affirm the district court's dismissal of the Amended Complaint.

---

[10] Klosterman also asks the Court to prohibit HCLRC (a non-party in this action) from transferring the Properties and to stay foreclosure proceedings related to his personal residence. These requests do not relate to the Boydston Defendants so they do not respond to them.

Respectfully submitted,

/s/ *Andrew W. Hull*

Andrew W. Hull (IN 11218-49)
Gregory A. English (IN 37527-49)
111 Monument Circle, Suite 4400
Indianapolis, IN 46204
Telephone: (317) 822-4400
awhull@hooverhullturner.com
genglish@hooverhullturner.com

**Counsel for Defendants Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP**

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 8,393 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 6 Cir. R. 32(b)(1).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Palatino Linotype font.

/s/ *Andrew W. Hull*
Andrew W. Hull (IN 11218-49)

## CERTIFICATE OF SERVICE

I certify that on May 28, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

**John Klosterman**
5615 Sidney Road
Cincinnati, Oh 45238
johncklosterman@gmail.com
*PRO SE*

*/s/ Andrew W. Hull*

**Counsel for Defendants Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP**

## ADDENDUM: KONZA, LLC, RICHARD BOYDSTON, AND DENTONS BINGHAM GREENEBAUM LLP'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Record Entry Number | Description | Page ID Numbers |
|---|---|---|
| 1 | Complaint | 1-173 |
| 32 | Order to file Amended Complaint | 357-361 |
| 33 | Amended Complaint | 362-378 |
| 55 | Motion to Dismiss filed by Defendants Richard Boydston, Dentons Bingham, Greenebaum LLP, Konza LLC | 759-1340 |
| 60 | Response in Opposition to Konza, Boydston and Dentons Motion to Dismiss filed by Plaintiff John Klosterman | 1394-1414 |
| 67 | Reply to Response to Motion to Dismiss for Failure to State a Claim filed by Defendants Richard Boydston, Dentons Bingham Greenebaum LLP, Konza LLC | 1450-1457 |
| 89 | Order Granting Defendants Motion to Dismiss Defendants Keller Williams Realty, City of Cincinnati, Terry James, Konza LLC, Richard Boydston, Dentons Bingham Greenebaum LLP and Jennifer Donathan | 1738-1757 |
| 117 | Order Granting Motion to Dismiss Amended Complaint as to Defendants Keller Williams Realty, City of Cincinnati, Terry James, Konza LLC, Richard Boydston, Dentons Bingham Greenebaum LLP and Jennifer Donathan with prejudice and Dismissing Defendants Joseph Lentine and Angel Strunk | 1923 |