**Case No. 26-3149**

---

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

◆

**JOHN KLOSTERMAN,**

Plaintiff – Appellant,

v.

**KONZA, LLC, et al.,**

Defendants – Appellees.

◆

Appeal from the United States District Court for the
Southern District of Ohio, case no. 1:25-CV-00312

---

---

**BRIEF OF APPELLEES FRI MASON, LLC (dba KELLER WILLIAMS
REALTY) AND JENNIFER DONATHAN**

---

---

Jeffrey M. Nye, Esq. (0082247)
Paul T. Saba, Esq. (0063723)
SSP Law Co., LPA
2623 Erie Avenue
Cincinnati, OH 45208
513-533-6714
jmn@sspfirm.com
pts@sspfirm.com
**Attorneys for FRI Mason, LLC (dba
Keller Williams Realty) and Jennifer
Donathan**

## I.    CORPORATE DISCLOSURE STATEMENT

Appellee FRI Mason, LLC (dba Keller Williams Realty) makes the following disclosures:

1. Is said party a subsidiary or affiliate of a publicly owned corporation?

**No.**

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

**No.**

## II.    TABLE OF CONTENTS

I.    CORPORATE DISCLOSURE STATEMENT ..................................................ii

II.    TABLE OF CONTENTS .......................................................................iii

III.    TABLE OF AUTHORITIES.................................................................. v

IV.    STATEMENT REGARDING ORAL ARGUMENT ..............................viii

V.    STATEMENT OF JURISDICTION...........................................................1

VI.    STATEMENT OF ISSUES PRESENTED FOR REVIEW .........................2

VII.    STATEMENT OF THE CASE AND FACTS .............................................3

VIII.    SUMMARY OF ARGUMENT ................................................................8

IX.    ARGUMENT .....................................................................................10

   A.  Standard of review ........................................................................13

   B.  *Rooker-Feldman* bars Klosterman's claims because Klosterman is a state-court loser complaining of injuries caused by a state-court judgment. ..........................................................................................13

   C.  Leave to amend would have been futile, because Klosterman did not seek to add new factual allegations about, nor claims against, Keller Williams or Donathan. ................................................................17

   D.  Several alternative grounds for affirmance exist for Keller Williams and Donathan. .............................................................................19

      1. There are no factual allegations of a fiduciary relationship between Klosterman and either Keller Williams or Donathan.........21

      2. The amended complaint does not plead with particularity any factual allegations of fraud by Keller Williams or Donathan............24

      3. Where a predicate claim fails, a RICO claim also fails. .................27

4. *Colorado River* abstention is warranted because of the advanced stage of the state-court proceedings. ....................................................27

X.   CONCLUSION ..............................................................................................30

XI.  CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7)(b) ..............31

XII. ADDENDUM # 1 ........................................................................................32

## III.    TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .......................................................... 19, 20

Bates v. Van Buren Twp., 122 Fed. Appx. 803, 806 (CA6 2004) ......................29

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ................................ 20, 25

Bender v. Southland Corp., 749 F.2d 1205 (CA6 1984) ...................................27

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) ......................................................................................................................28

Compound Prop. Mgmt, LLC v. Build Realty, Inc., 462 F.Supp.3d 839 (S.D. Ohio 2020)........................................................................................................27

Dunina v. Lifecare Hosps of Dayton, Ohio App. 2d Dist., 2006-Ohio-2824.21

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005) ............15

Fields v. Cottrill, 2025 U.S. Dist. LEXIS 86241, at *6 (S.D. Ohio no. 2:24-cv-3857, May 6, 2025) ................................................................................. 13, 14

Greco v. Livingston County, 774 F.3d 1061 (CA6 2014) .................................19

Groob v. KeyBank, 108 Ohio St.3d 348, 2006-Ohio-1189................................21

Helman v. EPL Prolong, Inc., Ohio App. 7th Dist. 2000, 139 Ohio App. 3d 231 ......................................................................................................................22

Hensley Mfg. v. ProPride, Inc., 579 F.3d 603 (CA6 2009)...............................20

Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176 .................................22

Katt v. Dykhouse, 983 F.2d 690 (CA6 1992) ......................................................8

Kuhn v. Washtenaw County, 709 F.3d 612 (6th Cir. 2013).............................10

Lance v. Dennis, 546 U.S. 459 (2006) ...............................................................13

McCormick v. Braverman, 451 F.3d 382 (CA6 2006) ................................. 13, 14

McPherson v. Kelsey, 125 F.3d 989 (CA6 1997) .................................................12

Pritchard v. Dent Wizard Int'l Corp., 275 F. Supp. 2d 903 (S.D. Ohio 2003) 28

Sanderson v. HCA-The Healthcare Co., 447 F.3d 973 (CA6, 2006) ........ 20, 25

Smith v. Liberty Mtge Co., Inc., 2020 U.S. Dist. LEXIS 84714, at *25 (S.D. Ohio
    no. 2:19-cv-3547, May 13, 2020) ..................................................................26

Stein v. Regions Morgan Keegan Select High Income Fund, Inc., 821 F.3d 780
    (CA6 2016) .....................................................................................................20

Werthmann v. DONet, Inc., Ohio App. 2d Dist., 2005-Ohio-3185, ¶42 ........22

Zhao v. Zeng, Ohio App. 1st Dist. 2003-Ohio-3060 ........................................28

**Statutes**

18 U.S.C. § 1951 (Hobbs Act) ...........................................................................18

18 U.S.C. §1961(1) ..............................................................................................27

18 U.S.C. §1962.............................................................................................. 25, 27

18 U.S.C. §1964...................................................................................................27

28 U.S.C. §1291.....................................................................................................2

28 U.S.C. §1294(1) ................................................................................................2

Ohio Rev. Code § 2305.09(D)....................................................................... 22, 26

**Rules**

6th Cir. R. 28(a) .................................................................................................17

Fed. R. Civ. P. 9(b).......................................................................................... 20, 25

FRAP 28(a)(6) ................................................................................................16

FRAP 28(e) ...................................................................................................17

FRAP 34(a)(2) ...............................................................................................vii

vii

## IV.   STATEMENT REGARDING ORAL ARGUMENT

FRI Mason, LLC (dba Keller Williams Realty) and Jennifer Donathan do not believe that the Court's decisional process would be significantly aided by oral argument.  They respectfully submit that argument can be dispensed with under FRAP 34(a)(2).

## V.    STATEMENT OF JURISDICTION

The amended complaint (doc. 33) facially invoked the district court's federal-question jurisdiction under 28 U.S.C. §1331 by raising RICO claims under 28 U.S.C. §1961 and civil rights claims under 28 U.S.C. §1983, and also invoked the district court's supplemental jurisdiction under 28 U.S.C. §1367 by raising claims under Ohio state law.

The district court concluded that it lacked subject matter jurisdiction over the claims against FRI Mason LLC (dba Keller Williams Realty) and Jennifer Donathan under the *Rooker-Feldman* doctrine because the complaint essentially sought review of, or damages arising out of, state-court judgments. The district court determined that the claims can only succeed if an Ohio state court wrongly decided the issues before it in foreclosure proceedings involving the plaintiff-appellant. *See* Order Granting Motions to Dismiss, doc. 89, at PAGEID #: 1745-1749; Judgment, doc. 117.

1

This Court has jurisdiction over the appeal under 28 U.S.C. §1291 and 1294(1) because the appeal was taken from a final judgment of the Southern District of Ohio.

## VI.   STATEMENT OF ISSUES PRESENTED FOR REVIEW

With respect to FRI Mason, LLC (dba Keller Williams Realty) and Jennifer Donathan, it is not even fully clear that appellant John Klosterman seeks review of the judgment in their favor. As best as Keller Williams and Donathan can tell, their names appear only in a single paragraph in Klosterman's argument, at the bottom of page 43 of his brief. The dismissal of claims against Keller Williams and Donathan should be affirmed because Klosterman has failed to advance adequate arguments for reversal.

But to the extent that the appeal seeks reversal of the judgment in favor of Keller Williams and Klosterman, the issue on appeal is whether the district court correctly determined that *Rooker-Feldman* bars the claims.

Keller Williams and Donathan also present the following alternative grounds for affirmance, which were briefed below, *see* Keller Williams

Motion to Dismiss, doc. 53, at PAGEID #: 511-519 *and* Donathan's Motion to Dismiss, doc. 74, at PAGEID #: 1571-1580:

1. The complaint fails to allege any fiduciary relationship between the plaintiff and Keller Williams or Donathan;

2. The statute of limitations expired on all claims;

3. The fraud claim is not pleaded with sufficient particularity to state a claim, and amendment would be futile; and

4. Even if claims were otherwise actionable, the court must abstain under the *Colorado River* doctrine

## VII. STATEMENT OF THE CASE AND FACTS

This case started when pro se plaintiff John Klosterman filed a 104-page complaint with 53 pages of exhibits. *See* Complaint, doc. 1, 1-1.

The Court, on its own motion, ordered the plaintiff to re-plead and set out "in clear, short and concise terms . . . the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim." *See* Order [to replead], doc. 32 at 4, PAGEID #: 360.

3

Klosterman filed an amended complaint. *See* doc. 33. The district court determined that the amended pleading satisfied its earlier order, and directed the defendants to respond. *See* Order [to respond], doc. 35, PAGEID #: 381.

The amended complaint (doc. 33) generally alleges a scheme to deprive the plaintiff of dozens of Cincinnati-area properties, by way of a receivership ordered by the Hamilton County (Ohio) Common Pleas Court in a code-enforcement and foreclosure case. *See* Amended Complaint, doc. 33 at ¶5, PAGEID #: 364. The pleading goes on at some length about this alleged scheme, including allegations of theft of personal property, fraudulent appraisals, and so on, but it is unclear what role Keller Williams or Donathan are alleged to have played in the scheme.

In fact, both Keller Williams and Donathan barely appear in the amended complaint at all.

Keller Williams's name appears only three times in the body of the amended complaint. The first time it appears is at ¶4 (*see* Amended

4

Complaint, doc. 33, PAGEID #: 363-364), which is merely a general list of the defendants.

The second appearance is in the title of Count VII (*see* Amended Complaint, doc. 33, PAGEID #: 370). That count consists of exactly one paragraph, to wit:

> **COUNT VII: BREACH OF FIDUCIARY DUTY**
>
> **Against Boydston, Konza LLC, Jennifer Donathan, Keller Williams**
>
> 43. As court-appointed receiver, Defendants owed Plaintiff fiduciary duties which they breached through the admitted "engineered sale", and Board of Revision testimony.

The third and final time that Keller Williams's name appears is in ¶58. That paragraph is not part of any count or claim, but instead is in a four-page section of the amended complaint that appears after all the counts or claims, and which is titled "VI. THE RECEIVERSHIP ENTERPRISE: A RICO ANALYSIS." *See* Amended Complaint, doc. 33 at PAGEID #: 372-376. Paragraph 58 reads as follows:

> 58. RICO Application: Classic Enterprise Activity. This case exemplifies why Congress enacted RICO: sophisticated criminals using legitimate institutions (courts, law firms, city agencies) to commit organized fraud. The Enterprise operated through distinct roles—legal cover (Boydston/Konza), operations (Lentine/TSO), regulatory manipulation (James/City), and disposition (Donathan/Keller Williams)—exactly the type of coordinated criminal activity RICO was designed to address.

Donathan's name appears in the same three paragraphs as Keller Williams's name, plus one additional time, in ¶32 (*see* Amended Complaint, doc. 33, at PAGEID #: 368), which reads as follows:

> 32. The Enterprise operated through coordinated roles:
>
> - Legal Cover: Konza/Boydston provided court-appointed authority
> - Operations: TSO/Lentine managed properties and diverted income from paying bills
> - Regulatory: James/City issued fraudulent condemnations
> - Sales: Donathan artificially reduced values and facilitated engineered sale

The remainder of the amended complaint includes allegations about other defendants, which are generally centered around the receivership action in the state court, and the alleged scheme to use the state-court proceedings to unlawfully take Klosterman's properties.

Keller Williams moved to dismiss. *See* doc. 53. Klosterman's memorandum in opposition, which was untimely by more than six weeks, is doc. 66.

Donathan also moved to dismiss. *See* doc. 74. Klosterman's memorandum in opposition is doc. 75. Donathan's reply in support of her motion is doc. 78. Klosterman, without leave, filed a surreply (doc. 79), but the district court struck the filing under its local rules and did not consider that filing. *See* Order Granting Motions to Dismiss, doc. 89 at 7 n.6, PAGEID #: 1744.

The district court granted the motions to dismiss, with prejudice, on the ground that *Rooker-Feldman* barred the claims. *See* Order Granting Motions to Dismiss, doc. 89. The district court did not reach the other arguments raised in the motions. After multiple premature appeals and resolution of some collateral issues, the district court entered its judgment in February of 2026, *see* doc. 117, and Klosterman timely appealed. *See* Notice of Appeal, doc. 118.

## VIII.  SUMMARY OF ARGUMENT

Klosterman has not raised arguments relating to Keller Williams or Donathan in anything other than a perfunctory manner. He has therefore forfeited or waived those arguments, and the Court should summarily affirm with respect to Keller Williams and Donathan.

In the alternative, the district court correctly determined that the gravamen of the amended complaint was Klosterman's assertion that he was wronged by the defendants in the state-court proceedings, and that Klosterman seeks to change the outcome of those proceedings. The case is therefore barred by the *Rooker-Feldman* doctrine, which prevents federal courts from reviewing cases brought by state-court losers who complain that state-court judgments caused them injury.

While the district court did not reach these issues with respect to Keller Williams or Donathan, there are multiple alternative grounds for affirmance, and if the Court concludes that the *Rooker-Feldman* issue is not dispositive, it can and should reach these issues in the interests of expediency and clarity. *See Katt v. Dykhouse*, 983 F.2d 690, 695 (CA6 1992).

8

Keller Williams and Donathan are entitled to dismissal of the breach-of-fiduciary-duty claims against them, because there are no allegations that plausibly could establish that either of them entered into an express agreement to form a fiduciary relationship, and there are no allegations that plausibly could establish any other relationship of special confidence or trust between the parties. In addition, the amended complaint establishes on its face that Klosterman's alleged injury occurred in February or March of 2020, but the complaint was not filed until May of 2025—more than five years later, and well beyond the four-year statute of limitations.

Keller Williams and Donathan are entitled to dismissal of the fraud claims (if indeed it even raises fraud claims against them) because the amended complaint is not pleaded with particularity, and does not contain any allegations that plausibly could establish the what, when, where, or how of an alleged fraud by Keller Williams or Donathan. Fraud claims are also barred by the four-year statute of limitations.

9

Finally, even if the claims were otherwise justiciable, the federal courts should abstain from hearing the case under the *Colorado River* doctrine, which precludes federal courts from proceeding with a case when substantially similar issues were or could have been raised in a state court case, and the state-court proceedings are more advanced than the federal proceedings. Because the state-court proceedings have been pending since 2019, and are apparently in the post-judgment execution stage, they are considerably more advanced, and abstention is warranted.

## IX.   ARGUMENT

As a threshold matter, Klosterman has forfeited or waived any arguments with respect to Keller Williams and Donathan, because he has failed to advance such arguments in any significant way in his opening brief. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.").

10

To say that Keller Williams and Donathan appear in Klosterman's brief "only in a perfunctory manner" would be a gross understatement. They appear in just one paragraph in Klosterman's brief, on the third-to-last page of his appellate argument. *See* Klosterman Br. at 43.[1] Klosterman writes there that Boydston (another defendant) "retained Jennifer Donathan of Keller Williams—a licensed real estate agent, not a certified appraiser—to submit the [property] valuation[s]. Donathan's submissions were so extreme that they were irreconcilable with the [Board of Revision's] own appraiser's findings" for the same properties.

That is it. That is the only thing that Klosterman has to say about Keller Williams and Donathan in his entire brief.

When this case was in its infancy the district court sua sponte ordered Klosterman to amend his complaint because it was so unclear as to be impenetrable. The district court said that it should not be required to

---

[1] Klosterman's brief is 50 pages long, but his appellate argument ends on page 45. Pages 46 through 50 are a request for injunctive relief in which he asks this Court to enjoin the Ohio state court.

11

"fish a gold coin from a bucket of mud" in order to understand Klosterman's claims. Order to Replead, doc. 32, PAGEID #: 360.

The same is true for this Court and these appellees here. Klosterman bears the burden of explaining why the judgment below should be reversed. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (CA6 1997) (internal markup omitted) (affirming dismissal where appellants "offered no real analysis as far as their state law false-arrest claim is concerned. They have not, for example, explained the elements of a false-arrest claim under Michigan law" and "they have not pointed to evidence in the record that could satisfy these elements as to these defendants").

The inadequacies of Klosterman's brief aside, this Court should affirm the district court's dismissal of the claims against Keller Williams and Donathan because the plaintiff's alleged injuries were caused by, and the essence of his claims is his complaints about, a state-court proceeding

12

in which he did not prevail. The *Rooker-Feldman* doctrine therefore precludes the federal courts from exercising subject matter jurisdiction.

### A. Standard of review

A ruling that *Rooker-Feldman* precludes subject matter jurisdiction is reviewed de novo. *McCormick v. Braverman*, 451 F.3d 382, 389 (CA6 2006).

### B. *Rooker-Feldman* bars Klosterman's claims because Klosterman is a state-court loser complaining of injuries caused by a state-court judgment.

The *Rooker-Feldman* doctrine "bars federal review of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Fields v. Cottrill*, 2025 U.S. Dist. LEXIS 86241, at *6 (S.D. Ohio no. 2:24-cv-3857, May 6, 2025), quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006).

"[A] court determining whether the *Rooker-Feldman* doctrine applies need only ask if the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Id.* at *7 (internal quotes omitted). This Court has "emphasized that cases in which 'a plaintiff asserts before a federal district court that a state court judgment itself was

13

unconstitutional or in violation of federal law' are 'exemplified by *Rooker* and *Feldman* themselves,' because '[i]n such a situation, the plaintiff seeks appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action.'" *Id.*, quoting *McCormick v. Braverman*, 451 F.3d 382, 396 (CA6, 2006).

The district court concluded that "The core allegations in the Amended Complaint arise from the state court foreclosure proceedings." Order Granting Motions to Dismiss, doc. 89 at 10, PAGEID #: 1747. It explained that "Klosterman explicitly references the receivership authorized by the state court in paragraphs 5, 31–32, 43, 48, and 55 of the Amended Complaint," and that Klosterman "suggests in paragraph 58 that Defendants used the [state] court proceedings to commit organized fraud." *Id.* It concluded that Klosterman's "claims here succeed only if the state court wrongly decided the issues before it in the foreclosure proceedings." *Id.* at 10-11, PAGEID #: 1747-1748.

On appeal, Klosterman does not clearly explain why he believes that the district court's conclusion was wrong. His legal argument on *Rooker-*

14

*Feldman* is just two short paragraphs long, *see* Klosterman Br. at 34, and his argument can best be summed up by the first sentence in that passage, which states (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) that "*Rooker-Feldman* 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments."

The problem here for Klosterman is that his appellate brief makes clear that this case would not exist if it were not for the rulings adverse to him in the state court. He absolutely is a state-court loser complaining of injuries caused by state-court judgments.

For example, the very first of his nine issues presented for review refers to alleged false statements (by parties other than Keller Williams and Donathan) made "under oath at a bench trial"—i.e., in state court. *See* Klosterman Br. at 11. The second issue raised is whether *Rooker-Feldman* "bars federal claims alleging that defendants committed federal crimes and constitutional violations during state court proceedings," *id.* The third issue for review questions the authority of a "court-appointed receiver" in state

15

court, *id.* In his sixth issue for review, Klosterman complains that it is difficult for him to concisely describe and plead "a six-year, 664-docket-entry, 5,451-page fraud"—by which he means the state-court case. *Id.* at 12. The seventh issue names several counsel of record in the state-court case as potential new defendants if leave to amend is granted, and refers to the state-court judge (the Hon. Jody Luebbers) by name. *See id.*

Klosterman does not stop there. The next section of Klosterman's brief is his Statement of the Case. *See* Klosterman Br. at 14. The purposes of the Statement of the Case include to "set[] out the facts relevant to the issues submitted for review," to "describe[e] the relevant procedural history," and to "identify[] the rulings presented for review." *See* FRAP 28(a)(6). Klosterman's Statement of the Case is some 17 pages long—more than a third of his brief—and nearly all of it is Klosterman's assertions about what some other defendants (but not Keller Williams or Donathan) are alleged to have done in the state-court proceedings. *See* Klosterman Br. at 14-31.

16

Klosterman does not cite the record for any of these statements, as FRAP 28(e) and 6th Cir. R. 28(a) require. Then again, that is not surprising, given that Klosterman even makes statements about actions allegedly taken by other defendants as recently as February 2026, *see* Klosterman Br. at 24—which is not only long after the amended complaint was filed in June of 2025 (*see* doc. 33), but even after the district court's order granting the motions to dismiss was filed in December of 2025 (*see* doc. 89).

When the amended complaint is read as a whole, it is clear that the gravamen of Klosterman's complaint is that he was wronged by the state court's approval of the foreclosure of his properties. That means the claims are barred by *Rooker-Feldman*. That is what the district court held, so this Court should affirm.

### C.  Leave to amend would have been futile, because Klosterman did not seek to add new factual allegations about, nor claims against, Keller Williams or Donathan.

Klosterman argues (at 39) that leave to amend his complaint should have been granted because it is difficult to distill the state-court litigation

17

into a concise complaint, and because the district court's substantive holdings were wrong.

Klosterman's reference (yet again) to the state-court litigation underscores the point that what he truly seeks is redress for the judgment against him in that case.

But even if he did not, granting leave to amend would be futile *as to Keller Williams and Donathan*, because Klosterman did not propose to add any new factual allegations or claims against Keller Williams or Donathan. Instead, Klosterman's request was for "leave to amend his complaint to add federal extortion claims under 18 U.S.C. § 1951 (Hobbs Act) against the City of Cincinnati and Terry James." Motion for Leave to Amend, doc. 61 at 1, PAGEID #: 1415; Memorandum in Support of Motion for Leave to Amend, doc. 62, PAGEID #: 1420-1425.

Klosterman's appellate brief seeks different relief. Now he wants to add eleven defendants, *see* Klosterman Br. at 39, and it's not at all clear what claims would be raised against those new defendants. This Court's purpose is "to correct errors raised and addressed below, not to entertain

18

new claims raised for the first time on appeal." *Greco v. Livingston County*, 774 F.3d 1061, 1064 (CA6 2014).

Given that no new facts and no new claims would have been asserted against Keller Williams or Donathan, granting leave would have been futile with respect to those parties.

### D. Several alternative grounds for affirmance exist for Keller Williams and Donathan.

If the Court does not conclude that Klosterman forfeited any appellate arguments as to Keller Williams and Donathan, and does not affirm the district court's *Rooker-Feldman* holding, it still can (and should) affirm the dismissal of the claims against Keller Williams and Donathan on grounds raised in, but not addressed by, the district court. The amended complaint fails to state a claim upon which relief can be granted, and the statute of limitations has expired.

A motion to dismiss must be granted if a complaint fails to allege enough facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is "plausible" if there are

19

enough facts in the pleading for the Court to draw a reasonable inference that the defendant is liable for its alleged conduct. *Id.* at 668.

Facts are required. Legal conclusions—including legal conclusions couched as factual allegations—do not suffice. *See, e.g., Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (CA6 2009). General statements of wrongdoing, mere labels, or "formulaic recitation[s] of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Fraud claims must be pleaded with particularity, not merely with plausibility. *See* Fed. R. Civ. P. 9(b). That means the plaintiff must specify the "who, what, when, where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 973, 877 (CA6, 2006) (internal markup omitted).

Dismissal under Rule 12(b)(6) is also appropriate when it is clear from the face of the complaint that the claims are time-barred. *See Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (CA6 2016).

20

### 1. There are no factual allegations of a fiduciary relationship between Klosterman and either Keller Williams or Donathan.

Count VII of the amended complaint, which mentions Keller Williams and Donathan only in the title and which is only one paragraph long, alleges a breach of fiduciary duty. *See* Amended Complaint, doc. 33 at ¶43, PAGEID #: 370-371.

A fiduciary duty exists only where there is a "special confidence and trust" placed in someone such that "there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶16. *See also Dunina v. Lifecare Hosps of Dayton*, Ohio App. 2d Dist., 2006-Ohio-2824, ¶31 ("*both parties* must understand under the circumstances that a special trust and confidence has been reposed in one by the other") (emphasis added).

The amended complaint does not include any factual allegations that suggest (or from which the Court could plausibly infer) the existence of any "special confidence and trust" placed in Keller Williams or Donathan by the plaintiff, nor does it include any factual allegations that Keller

21

Williams or Donathan accepted or agreed to fulfill any such position of confidence or trust for the plaintiff. Without facts establishing the existence of a fiduciary relationship, there can be no breach of any fiduciary duty. *See, e.g., Werthmann v. DONet, Inc.*, Ohio App. 2d Dist., 2005-Ohio-3185, ¶42 (first element of breach of fiduciary duty claim is "the existence of a duty arising from a fiduciary relationship").

In addition, the statute of limitations for a breach of fiduciary duty claim is four years, and the discovery rule doesn't apply. *See* Ohio Rev. Code § 2305.09(D); *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 182 (discovery rule in § 2305.09 applies only to fraud and certain trespasses). The claim accrues when the conduct occurs, not when the plaintiff discovers it, and not when the plaintiff suffers a loss. *See Helman v. EPL Prolong, Inc.*, Ohio App. 7th Dist. 2000, 139 Ohio App. 3d 231, 249 (applying *Investors REIT One* and rejecting delayed-damages theory).

The amended complaint alleges that the plaintiff's properties were taken in either February or March of 2020. *See* doc. 33 at ¶5, PAGEID #: 364 ("In February 2020, Hamilton County Court appointed Defendant

22

Boydston through Konza, LLC as receiver over Plaintiff's 59 properties in Sedamsville, Ohio."); *id.* at ¶51, PAGEID #: 373 (referring to the "TSO takeover [of the plaintiff's real estate] in March 2020"). The amended complaint also alleges that the scheme "was planned" (even if not completed) "beginning in 2018." *Id.* at ¶53, PAGEID #: 373. While the plaintiff alleges that the scheme "continued for 34 months," *id.* at ¶60, PAGEID #: 375, and thus possibly continued into early 2023, that appears to indicate the date on which the properties were sold by the court-appointed receiver—i.e., the date on which the amount of the alleged loss was fixed, rather than the date on which the properties were taken. (The amended complaint does not allege that Keller Williams or Donathan was involved in any of these events.)

This case was filed in May of 2025. *See* doc. 1. That is more than five years after the early 2020 dates identified as the date the plaintiff's properties were taken. Any claim for breach of fiduciary duty would have accrued at that time, not 34 months later when the amount of the loss was ascertained, and any such claim is untimely by more than a year.

23

**2. The amended complaint does not plead with particularity any factual allegations of fraud by Keller Williams or Donathan.**

It is not clear from the amended complaint whether Klosterman even raised a fraud claim against Keller Williams and Donathan. Part VI of the amended complaint is titled "THE RECEIVERSHIP ENTERPRISE: A RICO ANALYSIS." *See* Amended Complaint, doc. 33 at ¶48-61, PAGEID #: 372-375. Keller Williams and Donathan are mentioned only once each, in ¶58, which says in relevant part that "This case exemplifies why Congress enacted RICO: sophisticated criminals using legitimate institutions (courts, law firms, city agencies) to commit organized fraud. The Enterprise operated through distinct roles," including "disposition (Donathan/Keller Williams)."

Interpreting the amended complaint as generously as possible to the plaintiff, it appears that Part VI is essentially a rehashing of Parts II and III of the amended complaint (which are titled "CORE FACTS" and "THE CRIMINAL ENTERPRISE," respectively). *See* Amended Complaint, doc. 33 at ¶5-35, PAGEID #: 364-369. These three parts together appear to be the

24

factual support for counts I and II, which are fraud-based RICO claims under 18 U.S.C. §1962(c) and (d). *See id.* at ¶36-38, PAGEID #: 369.

Because the plaintiff's RICO claims are (as ¶58 says) based on alleged fraud, each element of those claims must be pleaded with particularity, *see* Fed. R. Civ. P. 9(b), and must be so pleaded with respect to each defendant. Construing the amended complaint in the light most favorable to the plaintiff, ¶58 *might* allege that the "who" of the fraud includes Keller Williams and Donathan. But it does not allege the "what, when, where, [or] how of the alleged fraud" as to Keller Williams or Donathan. *Sanderson*, 447 F.3d at 877. The Supreme Court has explained that "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The amended complaint does not offer even that. Instead, it has lumped Keller Williams and Donathan in with other defendants in an effort to obscure the lack of factual support for any claim against Keller Williams and Donathan.

That does not comply with the district court's order to replead, *see* doc. 32 at 4, PAGEID #: 360, in which the district court directed Klosterman

to set out "in clear, short and concise terms . . . the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim." It also does not satisfy the pleading requirements of the Civil Rules. As a result, the fraud claim must be dismissed. *See, e.g., Smith v. Liberty Mtge Co., Inc.*, 2020 U.S. Dist. LEXIS 84714, at *25 (S.D. Ohio no. 2:19-cv-3547, May 13, 2020) ("Plaintiffs have failed to state which Defendant is responsible for what alleged act, how each defendant was guilty of the named offense, or the time, place, and content of the alleged misrepresentations. In short, Plaintiffs' allegations have lumped all Defendants together for the purpose of alleging liability which is directly opposed to what is required to successfully plead a RICO claim.").

In addition, the statute of limitations for fraud is four years, *see* Ohio Rev. Code § 2305.09(D), which begins to run when the plaintiff knows or should have known of the fraud. Here, the plaintiff alleges that he was on notice of the scheme to defraud in early 2020, more than *five* years before this case was filed. Any fraud claim is untimely and must be dismissed.

26

### 3. Where a predicate claim fails, a RICO claim also fails.

RICO is not a standalone claim. It is an enhanced-liability mechanism, *see* 18 U.S.C. §1964, that requires pleading and proof of a pattern of predicate unlawful acts, such as fraud. *See* 18 U.S.C. §1962(c); §1961(1). Where fraud is a predicate act for a RICO claim, Civil Rule 9(b)'s particularity requirement applies to the RICO claim as well. *See Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (CA6 1984); *Compound Prop. Mgmt, LLC v. Build Realty, Inc.*, 462 F.Supp.3d 839, 857 (S.D. Ohio 2020) ("to the extent that the predicate acts consist of claims that sound in fraud, Rule 9(b)'s heightened pleading standard also comes into play regarding that activity").

To the extent that Klosterman raised any RICO claim against Keller Williams or Donathan, that claim fails for the same reason that any standalone claims based on the predicate acts fail.

### 4. *Colorado River* abstention is warranted because of the advanced stage of the state-court proceedings.

Finally, if the Court does not affirm the district court's decision, and does not dismiss the claims against Keller Williams and Donathan after

27

reaching issues presented to but not passed upon by the district court, then it should abstain under the *Colorado River* doctrine.

When the same or similar issues are pending before two *state* courts, the second court lacks jurisdiction and cannot proceed under the "jurisdictional priority rule." *See Zhao v. Zeng*, Ohio App. 1st Dist. 2003-Ohio-3060, ¶13. When the same or similar issues are pending before two *federal* courts of equal rank, "the court which first had possession of the subject must decide it" under the "first-to-file" rule. *Pritchard v. Dent Wizard Int'l Corp.*, 275 F. Supp. 2d 903, 910 (S.D. Ohio 2003).

The *Colorado River* abstention doctrine bridges the gap between the state-court-only jurisdictional priority rule, and the federal-court-only first-to-file rule; it "is akin to a first-to-file rule for actions that are first filed in state court and then filed in federal court." *Id.*, citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).

*Colorado River* abstention is applicable whenever there is a state proceeding that is similar or parallel to the federal proceeding—the proceedings need not be identical, and in fact do not even need to be

28

between the same parties. *See Bates v. Van Buren Twp.*, 122 Fed. Appx. 803 (CA6 2004). The touchstone inquiry is which proceedings (i.e., the state-court proceedings or the federal-court proceedings) are more advanced. *Id.* at 807 ("Our focus in these cases, once we have found that a parallel state proceeding exists, has been on the relative progress of the state and federal proceedings.").

The state-court proceedings are more advanced that this case, inasmuch as they have been pending since early 2020, *see* Amended Complaint, doc. 33 at ¶5, PAGEID #: 364, whereas this case has been pending only since May of 2025, *see* Complaint, doc. 1.

If the claims are not dismissed for reasons set forth earlier in this brief, the Court should vacate the district court's decision, and remand with instructions to abstain under *Colorado River*.

29

## X.    CONCLUSION

For the reasons discussed above, the judgment below should be affirmed.

Respectfully submitted,

*/s/ Jeffrey M. Nye*
Jeffrey M. Nye, Esq. (0082247)
Paul T. Saba, Esq. (0063723)
SSP Law Co., LPA
2623 Erie Avenue
Cincinnati, OH 45208
513-533-6714
513-533-2999 (fax)
jmn@sspfirm.com
pts@sspfirm.com
**Attorneys for appellees FRI Mason, LLC (dba Keller Williams Realty) and Jennifer Donathan**

30

## XI.　CERTIFICATE OF COMPLIANCE WITH RULE 32(A)(7)(B)

I certify that this brief complies with the type-volume requirements of Rule 32(a)(7)(b)(i). As determined by the word-count function of Microsoft Word, and excluding the parts of the document exempted by Rule 32(f), this brief contains 4976 words.

*/s/ Jeffrey M. Nye*
Jeffrey M. Nye, Esq. (0082247)

## XII.　CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on the date of filing via email on appellant John Klosterman, and via email and electronically through the Court's electronic case filing system on counsel for all other appellees.

*/s/ Jeffrey M. Nye*
Jeffrey M. Nye, Esq. (0082247)

## XIII.  ADDENDUM # 1

### DESIGNATION OF RELEVANT DOCUMENTS

| Docket Number | Description | PAGEID# |
|---|---|---|
| 1 | Complaint | 1-159 |
| 32 | Order to Replead | 357-361 |
| 33 | Amended Complaint | 362-378 |
| 35 | Order to Respond | 381-381 |
| 53 | Keller Williams's Motion to Dismiss | 508-520 |
| 61 | Motion for Leave to Amend | 1415-1419 |
| 62 | Memorandum in Support of Motion for Leave to Amend | 1420-1426 |
| 66 | Klosterman's Memorandum in Opposition to Keller Williams's Motion to Dismiss | 1435-1449 |
| 74 | Donathan's Motion to Dismiss | 1566-1581 |
| 75 | Klosterman's Memorandum in Opposition to Donathan's Motion to Dismiss | 1582-1599 |
| 78 | Donathan's Reply in Support of Motion to Dismiss | 1654-1657 |
| 89 | Order Granting Motions to Dismiss | 1738-1757 |

| 117 | Judgment | 1923-1923 |
|-----|----------|-----------|
| 118 | Notice of Appeal | 1924-1927 |