No. 26-3149

In the
United States Court of Appeals
For the Sixth Circuit

———————————

**JOHN KLOSTERMAN**
*Plaintiff-Appellant*

v.

**KONZA, LLC; RICHARD BOYDSTON; DENTONS, BINGHAM
AND GREENEBAUM, LLP; TRI-STATE ORGANIZATION, INC.; JOSEPH
LENTINE, III; ANGEL STRUNK; JENNIFER DONATHAN; KELLER
WILLIAMS REALTY; TERRY JAMES; CITY OF CINCINNATI, OH**
*Defendants – Appellees*

**On Appeal from the United States District Court
For the Southern District of Ohio, Western Division, Case No. 1:25-cv-00312**

**BRIEF OF DEFENDANTS-APPELLEES
CITY OF CINCINNATI AND TERRY JAMES**

Respectfully submitted,

**EMILY SMART WOERNER (0089349)
CITY SOLICITOR**

Rebecca P. Salley (0097269)
Johnnie Fitzpatrick (0100476)
Mark Manning (0088331)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4710
Rebecca.Salley@cincinnati-oh.gov
Johnnie.Fitzpatrick@cincinnati-oh.gov
Mark.Manning@cincinnati-oh.gov
*Counsel for Defendant-Appellees*

# DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee makes the following disclosures:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation?

    No.

    If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

2.  Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

    No.

    If the answer is YES, list below the identity of such corporation and the nature of the financial interest:

| | |
|---|---|
| */s/ Rebecca P. Salley* | May 28, 2026 |
| (Signature of Counsel) | (Date) |

2

4917-1219-0635, v. 6

# TABLE OF CONTENTS

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS**..................................................................................2

**TABLE OF CONTENTS** ...................................................................3

**TABLE OF AUTHORITIES** ..............................................................4

**STATEMENT CONCERNING ORAL ARGUMENT** ......................................7

**JURISDICTIONAL STATEMENT** .......................................................7

**STATEMENT OF ISSUES**................................................................8

**STATEMENT OF THE CASE** ............................................................9

**STANDARD OF REVIEW** ..............................................................13

**SUMMARY OF THE ARGUMENT**......................................................14

**ARGUMENT** .............................................................................17

   **A.   The district court properly dismissed with prejudice Klosterman's inadequately pleaded and untimely claims against the City Appellees.** .................17

   i.   Klosterman's claims against City Appellee Terry James are abandoned on appeal. ................................................................................17

   ii.   Klosterman's non-RICO claims against the City are abandoned on appeal.......19

   iii.   The district court correctly dismissed the RICO claims against City Appellees.
   20

   **B.   Klosterman should not be permitted to file a third amended complaint.**........22

   i.   The district court did not abuse its discretion when it imposed page limitations on Klosterman's pleadings. .................................................................22

   ii.   Further amendment would be futile....................................................26

**CONCLUSION** ..........................................................................30

**CERTIFICATE OF COMPLIANCE**.....................................................31

**CERTIFICATE OF SERVICE**...........................................................32

**ADDENDUM** ...........................................................................33

4917-1219-0635, v. 6

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)……………………………………….... 28

*B & H Med., L.L.C. v. ABP Administration, Inc.*,
  526 F.3d 257 (6th Cir. 2008)……………………………………………...22

*Basista Holdings, LLC v. Ellsworth Twp.*,
  710 F. App'x 688 (6th Cir. 2017)………………………………………..29, 31

*Boulton v. Swanson*, 795 F.3d 526 (6th Cir. 2015) ................................................. 25

*Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) .......................................28, 31

*Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996 (6th Cir. 2005)…………27

*Cnty. of Oakland by Kuhn v. Detroit*, 784 F. Supp. 1275 (E.D.Mich.1992)............22

*Dog Pound, LLC v. City of Monroe*, 558 F. App'x 589 (6th Cir. 2014)……………..21

*Finnell v. Hill (In re Finnell)*, S.D. Ohio No. 2:25-cv-29,
  2026 U.S. Dist. LEXIS 104620 (May 12, 2026)......................................... 24

*Grove v. Mohr*, S.D. Ohio No. 2:18-cv-1492,
  2020 U.S. Dist. LEXIS 9545 (Jan. 21, 2020)……………………………..25

*Hammoud v. Cnty. of Wayne*, Case No. 15-cv-14461,
  2016 U.S. Dist. LEXIS 117831 (E.D. Mich. Sep. 1, 2016)......................... 23

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006) ......................... 27

*Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021) ......................................... 15, 25

*Marshall v. Wayne Cty. Dep't of Child Protective Servs.*,
  2020 WL 5209298 (E.D. Mich. 2020)....................................................... 29

4917-1219-0635, v. 6

*Mathis v. Ohio Dep't of Job & Family Servs.*, No. 2:11-cv-395,

    2011 U.S. Dist. LEXIS 123436, 2011 WL 5075824

    (S.D. Ohio Oct. 25, 2011)…………………………………………………..23

*McDonough v. Smith*, 588 U.S. 109 (2019) ...................................................... 30, 31

*Meadows v. Delta Air Lines, Inc.*, 6th Cir. No. 25-1346,

    2026 U.S. App. LEXIS 3045 (Jan. 29, 2026)............................................... 20

*Mohlman v. Fin. Industry Regulatory Auth.*, 977 F.3d 556 (6th Cir. 2020)............ 15

*Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444 (6th Cir. 2003)…………....... 22

*Ousley v. CG Consulting, LLC*, 339 F.R.D. 455 (S.D. Ohio 2021)……………29, 31

*Palazzolo v. City of Melvindale*, 2014 WL 131118 (E.D. Mich. 2014)……………..29

*Price v. Montgomery Cnty.*, 72 F.4th 711 (6th Cir. 2023)………………………29, 31

*Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383 (6th Cir. 2016) .................................. 15

*Shabazz v. Xerox*, S.D. Ohio No. 1:14-cv-578,

    2014 U.S. Dist. LEXIS 116677 (July 23, 2014)…………………………… 25

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 567 (6th Cir. 2008)...…30, 31

**Statutes**

28 U.S.C. § 1291…………………………………………………………...…9

18 U.S.C. §1961-1962……………………………………………….…9, 22

42 U.S.C. §1983……………………………………………...………*passim*

42 U.S.C. §1985…………………………………………………..*passim*

Ohio Rev. Code § 2305.10……………………………………...…29, 30, 32

**Rules**

Fed. R. Civ. P. 8……………………………………..……………12, 15, 24-32 *passim*

Fed. R. Civ. P. 12(b)(1)……………………………………………………………15

Fed. R. Civ. P. 12(b)(6)…………………………………………………...…15, 30

Fed. R. Civ. P. 15…………………………………………………...………31, 32

Fed. R. App. P. 28(i)……………………………………………………………….22

4917-1219-0635, v. 6

## STATEMENT CONCERNING ORAL ARGUMENT

Although Defendant-Appellees City of Cincinnati and Terry James (respectively referred to hereinafter as "the City" or "James," or collectively, as "City Appellees") are prepared to participate, oral argument is not necessary in this case. The legal arguments are adequately presented in the briefs and oral argument will not clarify the issues further.

## JURISDICTIONAL STATEMENT

The City Appellees disagree with Klosterman's statement of jurisdiction. Klosterman appeals from the district court's final order of February 25, 2026 resolving all claims against all parties. (RE 117). The City Appellees agree that Klosterman's claims arise under 18 U.S.C. § 1961-1968, 42 U.S.C. § 1983, and 42 U.S.C. § 1985, and that this Court has appellate jurisdiction under 28 U.S.C. § 1291. However, the City Appellees maintain that the district court lacks subject matter jurisdiction over Klosterman's Racketeer Influence and Corrupt Organizations Act ("RICO") claims pursuant to the *Rooker-Feldman* and *Colorado River* abstention doctrines.

4917-1219-0635, v. 6

# STATEMENT OF ISSUES

1.  Whether the district court abused its discretion when it ordered Klosterman to comply with Federal Rule of Civil Procedure 8(a), including by imposing a page limitation on Klosterman's pleadings.

2.  Whether the district court erred when it concluded that Klosterman had no standing to sue based on actions against John Jennegans LLC.

3.  Whether the district court erred when it concluded that Klosterman's RICO claims related to the foreclosure lawsuit and court-supervised receivership were barred by *Rooker-Feldman* and *Colorado River* abstention doctrines.

4.  Whether the district court erred when it concluded that Klosterman failed to state a RICO claim arising from allegations relating to enforcement activity.

5.  Whether the City of Cincinnati, a municipal governmental entity, can be subject to RICO liability.

4917-1219-0635, v. 6

## STATEMENT OF THE CASE

At one time, Appellant John Klosterman controlled almost all the rental housing in the Sedamsville neighborhood of Cincinnati. Klosterman's large portfolio was kept in a constant state of disrepair. As a result, he was in regular contact with code enforcement officials responding to the pleas of his neighbors and tenants. This case arises from those interactions.

Klosterman brought this action alleging, in 104 pages, that Appellee City of Cincinnati and its now-retired building inspector, Appellee Terry James, engaged in criminal conspiracy with a wide array of parties to "engineer" the sale of Klosterman's properties. Klosterman alleged the City acted criminally by participating in a 2018 state court foreclosure action and court-supervised property receivership; and James, by enforcing building safety codes at 621 Delhi Avenue in 2021.

The reality is Klosterman lost his interest in these properties after a protracted state court foreclosure and receivership action, in which he fully and exhaustively participated.

<u>Klosterman's Motions to Amend</u>

On June 6, 2025, Klosterman moved to add as parties two attorneys from the City of Cincinnati Law Department: Jacklyn Martin,[1] a former Assistant City

---

[1] Jacklyn Martin's name is misspelled in various ways throughout this litigation.

Solicitor who represented the City in the foreclosure litigation, and Susan Zurface, then an Assistant City Prosecutor who prosecuted a criminal menacing case against Klosterman in 2021. (RE 17, Motion for Leave to Add Terry James, Jackolyn Martin (*sic*), and Susan Zurface as Defendants).

On June 26, 2025, the Court, *sua sponte*, directed Klosterman to file an amended complaint limited to not more than twenty pages in length. (RE 32, Order to Comply with Rule 8). The Court explained it did so because the "length, level of detail, and over-inclusive nature of [the] allegations" made for a "difficult, if not impossible challenge [for] defendants [to prepare] a responsive pleading and for the Court to conduct orderly litigation." (RE 32, PageID#359). The Court concluded that the "conclusory, voluminous, and unfocused" complaint defied the requirements of Fed. R. Civ. P. 8. (*Id.*, PageID#360).

The following day, on June 27, 2025, Klosterman filed his seventeen-page Amended Complaint. (RE 33). It asserted several causes of action against the City and James, including RICO violations; RICO conspiracy; civil rights conspiracy under 42 U.S.C. 1985; civil rights violations under 42 U.S.C. 1983; and state law claims for conversion, fraud, and intentional infliction of emotional distress. (*See* RE 33). Against the City, Klosterman also alleged a claim of negligent supervision. (*Id.*). Though the allegations were disjointed and often difficult to attribute to the conduct of particular defendants, the core of Klosterman's conspiracy allegation

remained that "Defendants formed an association-in-fact enterprise to systematically defraud [Klosterman] through manipulation of the court-appointed receivership." (RE 33, PageID#368). Klosterman did not name attorneys Martin or Zurface as defendants in the amended pleading, nor did he allege claims against them. (*Id.*).

On July 7, 2025, the district court magistrate mooted Klosterman's motion seeking to amend the original complaint by adding Jacklyn Martin and Susan Zurface as defendants, reasoning that "[t]he amended complaint supersedes the original complaint and is the operative complaint in this case." (RE 42, PageID#395). The same day, Klosterman filed a Motion for Leave to File Second Amended Complaint to clarify the proper corporate entity for Defendant Keller Williams. (RE 43). The court granted the motion. (RE 63). The Second Amended Complaint became the operative complaint.

The City Defendants moved to dismiss, along with every other defendant that had been served. (RE 47, 53, 54, 55, 74). On September 30, 2025, along with his Response to the City's Motion to Dismiss, Klosterman requested to amend his complaint a third time. (RE 61, Request for Leave to File; RE 62, Mem. Supp. Mot. for Leave to Add Extortion Claims Against the City). In that filing, Klosterman presented a mountain of new allegations that the City was engaged in extortion and retaliation, primarily because it mailed an invoice to John Jennegans LLC in August 2025 for delinquent code enforcement fees owed at 621 Delhi Avenue. (RE 62,

11

PageID#1423). The City opposed the Request both in its Reply in support of its Motion to Dismiss and a separate Response. (RE 68, Reply to City's Mot. Dismiss; 70, City's Resp. in Opp. to Mot. to Amend). The City argued that the proposed amendment was in bad faith and would be futile.

On December 1, 2025, Klosterman filed a second motion to amend his complaint for a third time (RE 84, Mot. for Leave to File Third Am. Compl.). In a supplemental brief filed on December 8, 2025, Klosterman sought to add the Hamilton County Land Reutilization Corporation ("HCLRC") and its attorney, Kelley Allesee, as defendants. (RE 88). Klosterman did not seek to add Martin or Zurface as defendants at that time.

<u>Order on Motion to Dismiss</u>

On December 10, 2025, the district court dismissed with prejudice all claims in Klosterman's Amended Complaint. (*See* RE 89, Order on Motions to Dismiss). The district court further denied Klosterman's Request for Leave to Add Extortion Claims, because Klosterman's motion was procedurally improper and because amendment of the pleadings would be futile. (*Id.*, PageID#1756-57). Klosterman filed a Notice of Appeal from this Order on December 22, 2025. (RE 96).

On January 22, 2025, the district court magistrate entered a Report & Recommendation ("R&R") recommending denial of leave for Klosterman to file a third amended complaint. (RE 105).

12

This Court dismissed two successive appeals by Klosterman for lack of jurisdiction. The district court entered a final judgment on February 25, 2026, leading to Klosterman's present appeal. (RE 117, Order Granting Motions to Dismiss). Herein, he argued the Court erred in its analysis of several aspects of the RICO claims and that he should be entitled to file a third amended complaint. The City Appellees seek the Court to affirm the district court's dismissal.

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016); *Mohlman v. Fin. Industry Regulatory Auth.*, 977 F.3d 556, 558 (6th Cir. 2020). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote*, 816 F.3d at 387, quoting *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009).

A district court's determination whether a complaint complies with Fed. R. Civ. P. 8, and the remedies ordered by the district court pursuant to that rule, are properly reviewed for abuse of discretion. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021). The Sixth Circuit recognizes that "choosing the appropriate remedy [to address a complaint non-compliant with Rule 8] involves the specifics of courtroom and docket management and assessing the right amount of patience to

13

have for a particular plaintiff[.]" *Id.* Thus, deference to the judgment of the district court is appropriate.

## SUMMARY OF THE ARGUMENT

Following extensive dispositive motion briefing and several motions by Klosterman to amend his pleadings, the district court dismissed with prejudice the Second Amended Complaint, including all claims against the City Appellees and other alleged co-conspirator defendants.[2] The district court's Order granting City Appellees' Motion to Dismiss was well supported and should remain undisturbed.

On appeal, Klosterman abandons most of his claims and improperly uses his merits brief to raise new theories of liability, seek the addition of entirely new parties, and otherwise revive claims which are futile because they are jurisdictionally barred, untimely, factually unsupported, and/or legally untenable. Relevant to the City Appellees, Klosterman seeks: (1) this Court's finding that the district court erred when it dismissed his RICO claims, and (2) an order from this Court permitting amendment of his complaint for a third time. Because Klosterman has not demonstrated that the district court erred in its legal analysis or that it abused its discretion by implementing page limits on his pleadings, this Court should affirm the dismissal of Klosterman's Second Amended Complaint with prejudice.

---

[2] The court's Order on the Motion to Dismiss ruled as to all moving parties. Because Defendants Lentine and Strunk were never served in the action, and never appeared to file motions to dismiss, the trial court later dismissed claims against them without prejudice.

14

As an initial matter, Klosterman's appeal abandons argument on all claims against James[3] and all non-RICO claims against the City.[4] Klosterman omits any mention of James from his brief and fails to identify any error in the Court's extensive analysis of the allegations against James. (RE 89, PageID#1740-45; 1749-53). Klosterman also fails to make any arguments regarding his non-RICO claims against the City. He has therefore abandoned his § 1983, § 1985, and state law claims against both City Appellees. The Court should affirm the district court's dismissal with prejudice of all claims abandoned by Klosterman.

Next, the district court's Order dismissing the claims was free from legal error. The district court correctly: (1) applied *Rooker-Feldman* and *Colorado River* abstention doctrines to the RICO claims, finding that it lacked subject matter jurisdiction; (2) held that Klosterman did not have standing to raise claims relating to 621 Delhi Avenue and that RICO claims relating to that property were inadequately pleaded; and (3) concluded that Klosterman's constitutional and state law claims against the City Appellees were time-barred by the two year statutes of limitations applicable to claims under 42 U.S.C. §1983, §1985, and Ohio tort law.

Finally, the district court did not abuse its discretion when it imposed filing guidelines upon Klosterman. It did so to manage its docket and properly limit

---

[3] Counts I, II, III, IV, V, VI, and X.
[4] Counts III, IV, V, VI, IX, and X.

15

pleadings that were confusing to the court and the parties. The district court's actions were well within its discretion to ensure litigants adhere to Federal Rule of Civil Procedure 8. The district court considered—and where it was appropriate, granted—several requests for leave to amend by Klosterman. Moreover, the amendments he now proposes are futile.

16

## ARGUMENT

### A. The district court properly dismissed with prejudice Klosterman's inadequately pleaded and untimely claims against the City Appellees.

The district court's Order granting City-Appellees' Motion to Dismiss the Second Amended Complaint was well supported and proper. (RE 89). Each of Klosterman's claims suffered dispositive pleading defects including jurisdictional bars, lack of standing, expired statutes of limitations, and factual inadequacy. On appeal, Klosterman abandons any argument that the district court erred when it dismissed all claims against Terry James and the non-RICO claims against the City. Klosterman fails to address the legal basis for the district court's dismissal of the RICO claims against the City. Klosterman has not demonstrated error by the district court and its Order should be affirmed.

i.     Klosterman's claims against City Appellee Terry James are abandoned on appeal.

The district court properly dismissed Klosterman's claims against James with prejudice. Klosterman alleged in his Second Amended Complaint that James issued "fraudulent condemnation notices" regarding 621 Delhi Avenue, a rental property under Klosterman's management but owned by John Jennagans LLC. (RE 33, PageID#367). Because the property was not part of the receivership at the core of Klosterman's theory of RICO conspiracy, the district court analyzed the allegations separately. (RE 89, PageID#1749-50). It concluded: (1) Klosterman lacked standing to bring claims relating to 621 Delhi Avenue because the property was owned by

17

4917-1219-0635, v. 6

business entity John Jennegans LLC, a non-party; (2) Klosterman's RICO claims against James were inadequately pleaded; and (3) the § 1983, § 1985, and state law claims against James were time-barred. (*Id.*, PageID#1750-53). Klosterman fails to argue otherwise on appeal.

"[A]n appellant abandons all issues not raised and argued in [his] initial brief on appeal." *Meadows v. Delta Air Lines, Inc.*, 6th Cir. No. 25-1346, 2026 U.S. App. LEXIS 3045, at *12 (Jan. 29, 2026) (internal quotations omitted), quoting *Guilmette v. Howes*, 624 F.3d 286, 292 (6th Cir. 2010) (en banc). Here, Klosterman abandoned any argument relating to James or 621 Delhi Avenue in his brief. To the extent that Klosterman intended any arguments in his brief to relate generally to all defendants,[5] this is not an acceptable way of raising an issue on appeal. *Id.* (holding that perfunctory reference to claims and defendants in an appeal brief, absent development, constitutes abandonment of those claims).[6]

---

[5] Klosterman now asserts that by inserting "et al." in his caption, he filed his complaint on behalf of several business entities allegedly harmed by the RICO conspiracy, including John Jennagans LLC. (Br. at 10). He did not. (RE 33, PageID#363). The trial court properly concluded that Klosterman did not have standing to sue on the entity's behalf and thus could not adequately plead RICO claims stemming from James' enforcement actions at 621 Delhi Avenue. (RE 89, PageID#1750). Nor could Klosterman, as a non-attorney, represent another person in the case, even if it was his business entity.

[6] The district court concluded Klosterman did not plead a pattern of racketeering activity involving James or the City. (RE 89, PageID#1751). Klosterman attempts to evade the district court's reasoning by arguing he is bringing the claims on behalf of multiple property-owning LLCs "subjected to [Vacated Building Maintenance License, a municipal building code requirement for structures vacated due to dilapidation] extortion[.]" (Br. at 36). The entities are not parties to the case, Klosterman lacks standing to raise claims on their behalf, and he may not now entirely abandon the theory of conspiracy proffered in his complaint (e.g. an "engineered sale" through the receivership process)

Klosterman does not dispute that the facts alleged against James occurred in 2021 or that his § 1983, § 1985, and state law claims against James are time-barred. Because the district court found the statute of limitations issue dispositive, it did not reach the issue of James' immunity from suit under federal and state law. (RE 54, City Appellees' Motion to Dismiss, PageID#541-42; 546-49). Those arguments from City Appellees' prior briefing are explicitly incorporated here and provide a separate basis for the dismissal.

The Court should affirm dismissal with prejudice of all claims in the Second Amended Complaint against City Appellee Terry James.

ii.    <u>Klosterman's non-RICO claims against the City are abandoned on appeal.</u>

On the same basis, the Court should deem abandoned all non-RICO claims against the City. Klosterman fails to address the district court's conclusion that the constitutional and state law claims against the City are time-barred. (RE 89, PageID#1751-53). Klosterman argues that RICO claims are subject to a four-year limitations period, but fails to address the two-year statute applicable to § 1983, § 1985, and state tort law claims. (Br. at 38). The Court should affirm dismissal with prejudice of the untimely, abandoned claims against the City. (Counts III, IV, V, VI, IX, and X).

19

iii.  <u>The district court correctly dismissed the RICO claims against City Appellees.</u>

Klosterman focused the bulk of his brief on conclusory arguments that the district court erred in analyzing his RICO claims. Pursuant to Fed. R. App. P. 28(i), the City Appellees adopt in full all argument by Appellees Boydston and Konza LLC regarding Klosterman's civil RICO claims under 18 U.S.C. § 1962(c) and (d). This includes the applicability of the *Rooker-Feldman* and *Barton* abstention doctrines to Klosterman's RICO claims (Counts I and II of the Second Amended Complaint) and the applicable statute of limitations.[7]

Additionally, Klosterman fails to challenge the district court's holding that as a government entity, the City could not form the requisite specific intent to be liable for RICO violations. *See Dog Pound, LLC v. City of Monroe*, 558 F. App'x 589, 593 (6th Cir. 2014); *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003) ("An appellant waives an issue when he fails to present it in his initial briefs before this court."). Thus, he has waived the argument on appeal.

Because the district court found that the allegations regarding 621 Delhi Avenue were not subject to the *Rooker-Feldman* bar, it separately analyzed whether Klosterman could state a RICO claim on those facts. It found that he could not. (RE 89, PageID#1750-51). The district court held that "a governmental entity is

---

[7] *See* Boydston Defendants-Appellees' Brief, Sections II.a-b; IV.c.i.

4917-1219-0635, v. 6

incapable of forming the malicious intent necessary" to state a civil RICO claim, making Klosterman's RICO claim against the City untenable. *See Mathis v. Ohio Dep't of Job & Family Servs.*, No. 2:11-cv-395, 2011 U.S. Dist. LEXIS 123436, *4-5, 2011 WL 5075824 (S.D. Ohio Oct. 25, 2011); *Hammoud v. Cnty. of Wayne*, Case No. 15-cv-14461, 2016 U.S. Dist. LEXIS 117831, *16 (E.D. Mich. Sep. 1, 2016); *Cnty. of Oakland by Kuhn v. Detroit*, 784 F. Supp. 1275, 1283 (E.D. Mich. 1992). Klosterman provides no basis for this Court to find error in the district court's conclusion on this issue, and the reasoning applies equally to the receivership allegations against the City.

On appeal, Klosterman devotes a significant portion of his Statement of the Case to alleged injustices caused by the City's Vacated Building Maintenance License ("VBML") ordinance. The ordinance requires dilapidated structures to be kept in a minimal state of repair and pay an annual fee. Cincinnati Municipal Code Sec. 1101-79. Klosterman argued that the ordinance itself is a criminal conspiracy. However, Klosterman's Second Amended Complaint is entirely devoid of any claim or allegation related to the City's VBML law. He may not conceive of an entirely new theory of his case on appeal. *B & H Med., L.L.C. v. ABP Administration, Inc.*, 526 F.3d 257, 271 (6th Cir. 2008) (imposing sanctions against a party because "pursuing an appeal—especially one that raises entirely new theories of liability and

21

fails to challenge crucial grounds of the district court's opinion—is the essence of frivolity.").

The district court did not err in its legal analysis when it dismissed all claims against the City and Terry James, and the dismissal of all claims with prejudice should be affirmed.

**B. Klosterman should not be permitted to file a third amended complaint.**

Despite the district court's consideration of at least four motions by Klosterman to amend or add parties, Klosterman asks this Court to find that the district court abused its discretion by imposing a twenty-page limit on his amended complaint. (Br. at 39). Klosterman seeks to add City prosecutor Susan Zurface and former Assistant City Solicitor Jacklyn Martin as defendants in a third amended pleading. (Br. at 51). Because the district court acted within its discretion to conform Klosterman's pleadings to Fed. R. Civ. P. 8, and the proposed amendments would be futile, this Court should affirm the district court's dismissal with prejudice.

i.    <u>The district court did not abuse its discretion when it imposed page limitations on Klosterman's pleadings.</u>

Klosterman argues the district court abused its discretion when it ordered him to comply with Fed. R. Civ. P. 8, including by imposing a twenty-page limit on his amended complaint. He argues that it was "structurally impossible" for him to adequately plead his claims under these limits, (Br. at 32), and thus, he is entitled to amend his complaint a third time to add claims against ten new parties including

22

individual attorneys, law firms, and government and quasi-governmental entities. (*Id.* at 39).

It is within the discretion of a district court to dismiss a complaint when it is indecipherable, overly lengthy and detailed, unconcise, or unclear. *Shabazz v. Xerox*, S.D. Ohio No. 1:14-cv-578, 2014 U.S. Dist. LEXIS 116677, at *7 (July 23, 2014). In the Sixth Circuit, "while the appropriate remedy is rarely immediate dismissal[,]" particularly for a pro se litigant, district courts "need not have infinite patience." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021). As an alternative to immediate dismissal, district courts routinely use their discretion to impose page limits on plaintiffs who run afoul of Fed. R. Civ. P. 8(a). *See Finnell v. Hill (In re Finnell)*, S.D. Ohio No. 2:25-cv-29, 2026 U.S. Dist. LEXIS 104620, at *4 (May 12, 2026), citing *Alexander v. Harrison*, 6th Cir. No. 21-1828, 2022 U.S. App. LEXIS 29854, at *17 (Oct. 24, 2022); *Grove v. Mohr*, S.D. Ohio No. 2:18-cv-1492, 2020 U.S. Dist. LEXIS 9545, at *10 (Jan. 21, 2020); *Shabazz*, 2014 U.S. Dist. LEXIS 116677, at *23.

Here, the district court did not immediately dismiss Klosterman's 104-page complaint, but "identified the specific problems to correct in the complaint," and provided specific guidelines to focus the pleading. *Kensu*, 5 F.4th at 653. The district court's June 6, 2026 Order provided Klosterman with thirty days to refile a complaint up to twenty pages in length, limited to allegations arising out of the same transaction

23

or occurrence. The next day, June 7, 2026, Klosterman filed an Amended Complaint which barely exceeded sixteen pages in length and omitted claims against Martin and Zurface. (RE 33).

Klosterman had sufficient knowledge at the time of filing his Amended Complaint to include attorneys Martin and Zurface as defendants but chose not to do so. *Boulton v. Swanson*, 795 F.3d 526, 537 (6th Cir. 2015) (affirming district court's denial of leave to file third amended complaint when plaintiff had sufficient knowledge to add the new defendant in earlier pleadings). Such a conclusion is indisputable: Klosterman had filed an earlier motion seeking to add Martin and Zurface as parties. (RE 17, Mot. for Leave to Add Terry James (Individually), Jackolyn Martin (Individually), and Susan Zurface (Individually) as Defendants). While Klosterman was provided leave to add them, he failed to name them in the amended pleading. (*See* RE 33). The district court permitted Klosterman's later amendment to modify a party name, resulting in the operative Second Amended Complaint. (*See* RE 63, Order on Pl's Mot. to File Second Amended Compl.). Though the Second Amended Complaint contains allegations that Defendants Lentine and Strunk filed false police reports leading to Klosterman's criminal convictions, it contains no allegations or claims involving attorney Zurface for conduct arising from the same prosecution. (*See* RE 33, PageID#366-67). Furthermore, Klosterman failed to capitalize on the court's page limit, filing a

24

complaint of only seventeen pages. Any claim against attorneys Martin or Zurface was omitted.

Klosterman cannot demonstrate that he was prejudiced by the district court's limiting order. After it issued the limiting order, the district court considered multiple motions and filings by Klosterman to add claims and parties to the litigation. (*See* RE 43, Mot. for Leave to File Second Am. Compl.; RE 45, Mot. for Immediate Constructive Trust and to Add FRI Mason, LLC and Jennifer Donathan as Defendants; RE 46, Plaintiff's Corrections and Clarifications to July 7, 2025 Filing; RE 61, Request for Leave of Court; RE 62, Mem. in Supp. of Mot. for Leave to Add Extortion Claims, RE 84, Mot. for Leave to File Third Am. Compl., 88 Mot. for Leave to File Supplemental Mem. in Support of Motion to File Third Am. Compl.). In these subsequent filings, Klosterman failed to raise the necessity of adding claims and allegations against attorney Zurface or attorney Martin. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328 (6th Cir. 2006) (holding that "[t]he appropriate method for adding new factual allegations to a complaint is not via an appellate brief" but by seeking amendment in the district court).

For instance, on September 30, 2025, Klosterman sought leave to amend his allegations against the City and Terry James. He argued that ongoing building code enforcement by the City constituted extortion and a predicate act in relation to his RICO claim. (*See* Request, Dkt. 61, 62). The district court considered the motion,

which contained no mention of attorney Zurface or attorney Martin, in its Order on the Motions to Dismiss. Klosterman also filed a Motion for Leave to File Third Amended Complaint Adding HCLRC and Kelly Allesee as Necessary Defendants and a Motion for Leave to File Supplemental Memorandum in support of Motion for Leave to File Third Amended Complaint. (RE 84, 88). Again, neither filing incorporated attorneys Zurface or Martin. Klosterman's claim that it was "impossible" to adequately plead his claims is belied by these facts: Klosterman failed to include claims against them when he was provided leave, Klosterman failed to use the pages available to him to name attorneys Martin and Zurface in his amended pleadings, and he subsequently failed to seek leave from the district court to add them as parties, despite doing so for several other parties and claims.

The district court did not abuse its discretion when it ordered Klosterman to comply with the rules of pleading, including by imposing a twenty-page limit on the Complaint. This Court should not disturb the ruling.

ii.      <u>Further amendment would be futile.</u>

Klosterman's proposed amendments center on City Prosecutor Susan Zurface.[8] He alleges she violated his constitutional due process rights under 42

---

[8] Klosterman has never provided a proposed pleading to provide notice of specific facts and claims, so the City Appellees respond to what Klosterman raised in his brief. The dearth of attention to Jacklyn Martin—contained to just one sentence of sparse, conclusory allegation—is so meager as to constitute abandonment of the argument. (Br. at 20). The City is not presented with enough information to substantively address the issue.

26

U.S.C. § 1983 by "coach[ing]" the victim of Klosterman's menacing conviction and "manufactur[ing] [the victim's] false testimony." (Br. at 45). Amendment to add these allegations would be futile.

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The proposed amendment to add Zurface is untimely and conclusory, in addition to Klosterman's repeated failure to plead claims against attorney Zurface in the district court.[9] Further, the amendment would be futile because she is absolutely immune from suit and Klosterman is unable to state a claim against her under 42 U.S.C. § 1983.

An amendment is futile if proposed new defendants are subject to absolute immunity. *Marshall v. Wayne Cty. Dep't of Child Protective Servs.*, 2020 WL 5209298, *12 (E.D. Mich. 2020). In terms of a prosecutor's duties, "[p]reparation of witnesses for trial is protected by absolute immunity." *Price v. Montgomery Cnty.*, 72 F.4th 711, 720 (6th Cir. 2023), quoting *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). So are "the usual duties of evaluating the existence of probable cause, deciding to bring charges, and advocating for the state in court." *Palazzolo v.*

---

[9] *See supra*, Section B(i).

*City of Melvindale*, 2014 WL 131118, *32 (E.D. Mich. 2014), citing *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), quoting Fed. R. Civ. P. 8(a)(2).

Additionally, where a proposed amended claim is barred by the applicable statute of limitations, such claim is futile. *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 461 (S.D. Ohio 2021). The statute of limitations for Section 1983 claims in Ohio is set by Ohio Rev. Code § 2305.10.  *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). To plead a plausible § 1983 claim, an Ohio plaintiff must allege that their claim accrued within two years of filing. *See* Ohio Rev. Code § 2305.10; *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017).

Similarly, a claim that is not ripe will not withstand a Rule 12(b)(6) motion to dismiss. It is futile to amend a claim that is not ripe. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 567 (6th Cir. 2008). The Supreme Court has clarified that a 42 U.S.C. § 1983 fabricated-evidence claim against a prosecutor accrues only upon termination of criminal proceedings in a manner favorable to the criminal defendant-plaintiff. *McDonough v. Smith*, 588 U.S. 109, 117-22 (2019). The Court held that

28

any other outcome would test principles of comity because it would "directly challenge[]—and thus necessarily threaten[] to impugn—the prosecution itself." *Id.*

Here, Klosterman's proposed amendments appear to arise from his 2021 criminal prosecution, which resulted in convictions for menacing by stalking and two counts of violating a protection order. The victim in all three cases was Defendant Angel Strunk.[10]    Klosterman provides no more than conclusory, barebones allegations that Susan Zurface "coached" witnesses "to provide specific times for the alleged stalking incidents" for which he was convicted. (Br. at 45). The allegations are futile for several reasons.

First, attorney Zurface is absolutely immune from suit under 42 U.S.C. § 1983. Klosterman's proposed amendment entirely rests on allegations that Susan Zurface "coached" Strunk to provide certain testimony at trial. (Br. at 45). Preparing a witness in advance of trial is precisely the type of core prosecutorial activity immunized from suit. *Price*, 724 F.4th at 720. The amendment is futile on this basis.

Second, the criminal proceedings were never terminated in Klosterman's favor or otherwise invalidated, and thus no § 1983 claim for fabrication of evidence has accrued in relation to these proceedings. *See McDonough*, 588 U.S. at 117-22. All three convictions were affirmed by the Hamilton County Court of Common Pleas on December 21, 2022 and have not been disturbed. *See State v. Klosterman*, 2022-

---

[10] Hamilton Cty. C.P. Nos. 20CRB-17905; 20CRB-19488; 20CRB-21168.

Ohio-4596 (1st. Dist). Klosterman will not be able to establish that he has a ripe cause of action, and amendment to add such a claim is futile. *Winget*, 537 F.3d at 567.

Finally, the proposed amendments would flout Fed. R. Civ. P. 15(c)(1).[11] A plaintiff may not use Fed. R. Civ. P. 15(c)(1)(B) to add new parties, as Klosterman seeks to do here. *Ousley*, 339 F.R.D. at 462. Any additional §1983 claims arising from Klosterman's 2021 prosecution and conviction were time barred at the time he filed his original complaint and would not relate back under Fed. R. Civ. P. 15(c)(1)(A). Because Klosterman was tried in 2021 and served his 365-day sentence between 2021 and 2022, all events related to those criminal proceedings necessarily would have occurred more than two years before May 13, 2025, the date Klosterman filed the present action. *See Browning*, 869 F.2d at 992; Ohio Rev. Code § 2305.10; *Basista*, 710 F. App'x at 691.

## CONCLUSION

In conclusion, the District Court did not err in granting Defendants' Motion to Dismiss. Accordingly, the City respectfully requests that this Court affirm the District Court's decision.

---

[11] Klosterman further states, for the first time on appeal, that he intends to seek damages against Susan Zurface for a purported physical assault he experienced while incarcerated. (Br. at 45). For the same reasons stated herein, those claims would be subject to absolute immunity doctrine and time-barred, in addition to constituting a separate transaction or occurrence.

4917-1219-0635, v. 6

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Rebecca P. Salley (0097269)*
Johnnie Fitzpatrick (0100476)
Mark Manning (0088331)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4710
Rebecca.Salley@cincinnati-oh.gov
Johnnie.Fitzpatrick@cincinnati-oh.gov
Mark.Manning@cincinnati-oh.gov
*Counsel for Defendant-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Brief of Defendant-Appellee complies with Fed. R. App. P. 32(a). This brief contains 5,373 words, excluding those words exempted under Fed. R. App. P. 32(f), and was prepared with Microsoft Office 365, using Times New Roman font at 14-point.

*/s/ Rebecca P. Salley*
Rebecca P. Salley (0097265)

31

4917-1219-0635, v. 6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been filed and served electronically through the Court's ECF System on all parties this 29th day of May 2026.

*/s/ Rebecca P. Salley*
Rebecca P. Salley (0097265)

32

**ADDENDUM**

CITY OF CINCINNATI AND TERRY JAMES' DESIGNATION OF RELEVANT
DISTRICT COURT DOCUMENTS

| Record Entry Number | Description | Page ID Numbers |
|---|---|---|
| 1 | Complaint | 1-173 |
| 17 | Motion for Leave to Add Terry James, Jackolyn Martin (*sic*), and Susan Zurface as Defendants | 241-270 |
| 32 | Order to Comply with Rule 8 | 357-361 |
| 33 | Amended Complaint | 362-378 |
| 42 | Order and Report and Recommendation Denying Motion for Leave to Amend as Moot | 395-396 |
| 43 | Motion for Leave to File Second Amended Complaint | 397-399 |
| 45 | Motion for Immediate Constructive Trust and to Add FRI Mason, LLC and Jennifer Donathan as Defendants | 421-441 |
| 46 | Plaintiff's Corrections and Clarifications to July 7, 2025 Filing | 442-448 |
| 54 | Motion to Dismiss by City of Cincinnati and Terry James | 521-758 |
| 61 | Request for Leave of Court | 1415-1419 |
| 62 | Memorandum in Support of Motion for Leave to Add Extortion Claims | 1420-1426 |
| 63 | Order on Motion to File Second Amended Complaint | 1427 |
| 68 | Reply in Support of City and James Motion to Dismiss | 1458-1466 |
| 70 | City and James Response in Opposition to Plaintiff's Motion to Amend Complaint to Add Extortion Claim | 1471-1482 |
| 84 | Motion for Leave to File Third Amended Complaint Adding HCLRC and Kelly Allesee as Necessary Defendants | 1688-1698 |
| 88 | Motion for Leave to File a Supplemental Memorandum in Support of Leave to File a Third Amended Complaint | 1730-1732 |
| 89 | Order Granting Defendants Motion to Dismiss Defendants Keller Williams Realty, City of Cincinnati, Terry James, Konza LLC, Richard Boydston, Dentons Bingham Greenebaum LLP and Jennifer Donathan | 1738-1757 |
| 117 | Order Granting Motion to Dismiss Amended Complaint as to Defendants Keller Williams Realty, City of Cincinnati, Terry James, Konza LLC, Richard Boydston, | 1923 |

4917-1219-0635, v. 6

| | Dentons Bingham Greenebaum LLP and Jennifer Donathan with prejudice and Dismissing Defendants Joseph Lentine and Angel Strunk | |

4917-1219-0635, v. 6